THE STATE v. FOSTER, *Appellant.*

Division Two, January 19, 1897.

1. **Criminal Law**: MURDER: INDICTMENT. While the charge that a homicide was committed in an attempt to perpetrate a robbery, is unnecessary, it will not vitiate an indictment for murder in the first degree; in such case the indictment may be drawn in common form.

2. ——: ——: EVIDENCE: ROBBERY. On a trial for murder in the first degree, proof that the homicide was committed in the perpetration of a robbery is tantamount to proving the premeditation, deliberation, etc., necessary to constitute the crime.

3. ——: PRACTICE: FAILURE TO GIVE INSTRUCTION: EXCEPTION. Failure of the court to give a proper instruction on a trial for murder should be excepted to at the time the instructions are given, otherwise the point will be waived.

4. **Practice**: EVIDENCE: QUALIFICATION OF EXPERT. Where an expert testified before qualifying as such, the error was cured, where, upon objection, he repeated his testimony after being qualified.

5. ——: ——. Allowing a witness to answer a question he had previously answered does not constitute error.

6. **Criminal Law**: EVIDENCE: ATTEMPTED FLIGHT. Attempted escape by one accused of crime, during the preliminary investigation, may be shown on the trial, as tending to show evidence of guilt.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*R. F. Walker,* attorney general, and *Morton Jourdan,* assistant attorney general, for the state.

(1) The verdict in this case is supported and warranted by the law and the evidence. The evidence shows that the killing was murder in the first degree; that it was perpetrated in the consummation of a pre-

arranged conspiracy to rob, and under the instructions given by the court, the jury could do nothing but return .a verdict of murder in the first degree. (2) There was no testimony upon which to base an instruction for murder in the second degree. The defendant did not complain that the court had failed to instruct the jury either upon all the law of the case or as to this degree, and having saved no exceptions to the failure of the court so to do, he is too late in his motion for new trial and will not be heard to complain in this court. *State v. Cantlin*, 118 Mo. 111; *State v. Paxton*, 126 Mo. 500. (3) No reversible error was committed in the admission of testimony to which defendant objected. (4) The state had a right to show that defendant attempted to flee or make his escape.

SHERWOOD, J.—The defendant, a negro, with two others, Germans, Peter Schmidt and John Schmidt, was indicted at the January term, 1896, of the St. Louis county circuit court for murdering Bertram A. Atwater at Webster Groves, in that county, by shooting him to death with a pistol. This crime was committed in an attempt to rob Atwater, on the twenty-third day of January, 1896. At the same term, the accused parties entered their plea of not guilty, a severance was granted, and defendant being tried was found guilty of murder in the first degree, and sentenced to be hanged.

It appeared in evidence that the indicted parties formed a conspiracy to rob Atwater, and, in trying to effect such robbery, Atwater was shot and killed, defendant joining John Schmidt in firing on the deceased. Defendant in a written statement signed by. him, admitted his guilt to Desmond, chief of detectives.

It is unnecessary to relate the facts in this case any further, as they will be found fully stated in an opinion

by GANTT, P. J., delivered at the present term, in the case of *State v. Peter Schmidt, ante,* p. 644.

The indictment charges that the murder was committed in the attempt to rob Atwater, but such statement was wholly unnecessary, as the indictment may be drawn in common form, and then when proof is made that the homicide was done in the perpetration of a robbery, this proof being made is tantamount to that premeditation, deliberation, etc., which otherwise are necessary to be proven, in order to constitute murder in the first degree.   *State v. Hopkirk,* 84 Mo. 278; *State v. Meyers,* 99 Mo. 107; *State v. Donnelly,* 130 Mo. 642.

But the unnecessary statement aforesaid did not vitiate the indictment; enough was stated outside of the matter in reference to the robbery, which made the indictment good, but we do not approve of the unnecessary averment.

Three grounds are urged for a new trial:   "*First,* that the verdict is contrary to the law and the evidence. *Second,* that the court erred in not instructing the jury for a verdict in the second degree of murder.   *Third,* that the court erred in allowing certain evidence to go to the jurors."

As to the first ground, the solemn written confession of defendant answers that objection, to say nothing of other evidence.

There was nothing in this case to warrant a verdict for any other grade of crime than murder in the first degree, as has been already pointed out.   And even if defendant had been entitled to an instruction on murder in the second degree, he did not take the proper advantage of the failure of the court thus to instruct, by excepting at the time the instructions were given, as ruled in *State v. Cantlin,* 118 Mo. 111; *State v. Paxton,* 126 Mo. 500, and other cases.

Nor did substantial error occur in the admission of evidence, to which defendant objected.

Dr. Castor was asked, before he had qualified as an expert, as to whether the wound inflicted was the cause of Atwater's death, and this question was objected to by defendant after the doctor had answered, and thereupon the doctor having qualified, the question was re-asked and re-answered without objection.

Next an objection was interposed by defendant, when a question was asked a witness relative to the condition of defendant's clothing, and the reason assigned was that the question had already been answered. But the court permitted the witness to state that defendant's feet were muddy. This question had not been previously answered as a matter of fact, and though it had, the re-answering would constitute no error.

Fielden was asked whether he had held a prior conversation with defendant and his associates, and answered in the negative. After this answer was given, defendant objected to it, etc. What possible ground there was for such an objection it is impossible to conceive.

The last objection was made by the defendant to a question asked the same witness as to whether during the investigation defendant attempted to flee or escape. The state had the right to show that defendant attempted to make his escape, and this on the ground that it furnished some evidence of his guilt.

Finding no error in the record, we affirm the judgment and order the sentence passed upon defendant to be executed. All concur.