Ed Sloan, *Plaintiff in Error, v.* The State of Florida, *Defendant in Error.*

## Opinion filed July 13, 1915.

MURDER IN FIRST DEGREE—INDICTMENT FOR NEED NOT ALLEGE THAT HOMICIDE WAS COMMITTED IN ATTEMPT TO COMMIT ROBBERY OR OTHER FELONY IN ORDER TO PROVE SUCH ROBBERY OR OTHER FELONY.

1. An indictment in the usual form charging murder to have been committed with a premeditated design to effect the death of the person slain is sufficient under the statute to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of any of the felonies mentioned in the statute such as robbery, rape, arson or burglary, or otherwise. The perpetration or attempt to perpetrate any of the felonies mentioned in the statute, during which perpetration or attempt a homicide is committed, stands in lieu of and is the legal equivalent of that premeditated design to effect the death that otherwise is a necessary attribute of murder in the first degree. In such case it is only necessary to make the charge in the ordinary way to the effect that the homicide was committed with a premeditated design to effect the death of the person slain, and then show the facts in evidence, and if they establish that the homicide was committed in the perpetration or attempt to perpetrate any of the felonies named in the statute this will be sufficient to convict of murder in the first degree.

2. It is proper in a trial under an indictment which only charges murder in the usual form to instruct the jury that if the homicide was committed in an attempt to commit robbery, the defendant was guilty of murder in the first degree. And it is not error to give such instruction because the indictment tendered no such issue as robbery.

(COCKRELL, J., dissents.)

Reversed because of refusal to give requested instruction on murder in the second degree, to which TAYLOR, C. J., dissents.

Writ of error to Circuit Court, Volusia County; Jas. W. Perkins, Judge.

*Tom. B. Stewart,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, C. J.—By writ of error the defendant below, Ed Sloan, brings here for review his conviction and death sentence for the crime of murder in the first degree in the Circuit Court of Volusia County.

We will consider only such assignments of error as are argued and presented in the very able briefs of counsel for the plaintiff in error, who has exhibited in such briefs great ingenuity, industry and research, and we shall consider them in the order in which they are presented.

The alleged error first presented is the fifth assignment of error predicated on the giving by the court to the jury of the following charge: "If you believe from the evidence beyond a reasonable doubt that the defendant Ed Sloan, in the County of Volusia and State of Florida, at any time prior to the finding of the indictment, shot and killed one Rosa Harris with a pistol as charged in the indictment, and that at the time of said killing the said Ed Sloan was engaged in the attempt to perpetrate robbery upon the said Rosa Harris, then it will be your

duty to find him, the defendant, guilty of murder in the first degree, as charged in the indictment."

The contention in support of this assignment is that it is foreign to the issues presented by the indictment in the case. That said indictment in a single count charges simply that the defendant committed said homicide with a premeditated design to effect the death of the deceased, saying nothing as to any attempt at robbery of the deceased. Our statute, Section 3205 General Statutes of 1906, defines murder in the first degree as follows: "The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary, shall be murder in the first degree, and shall be punishable with death."

The contention of the plaintiff in error is that this statute defines two distinct classes of murder in the first degree, the first class requiring that the killing must have been done with a premeditated design to effect the death of the person killed or of some human being, and that the indictment in such class must allege such premeditated design; and that in the second class the killing must have been done in the perpetration of or attempt to perpetrate one of the named felonies, arson, rape, robbery or burglary, and that it is necessary in such latter class that the indictment should allege that the homicide was committed in the perpetration of or attempt to perpetrate such named felony. That having no allegation to the effect that this homicide was committed while perpetrating or attempting to perpetrate the felony of robbery, the charge complained of was out of place and was erroneously given. That the indictment against him was

fatally faulty in this respect in not alleging anything about the homicide being committed while an attempt was being made to rob the deceased. That under the indictment as framed he could not be convicted on proof that robbery of the deceased was the motive for the crime, that otherwise it would be an invasion of his rights under the 11th Section of the Declaration of Rights of our Constitution to the effect that in "all criminal prosecutions the accused * * * shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him." These contentions seem to be supported by the courts of the State of Arkansas in Cannon v. State, 60 Ark. 564, 31 S. W. Rep. 150, and in Rayburn v. State, 69 Ark. 177, 63 S. W. Rep. 356. But the courts of Arkansas seem to stand alone in so holding. All of the other States whose courts have passed upon the question hold the reverse of the Arkansas doctrine.

In State v. Meyers, 99 Mo. 107, 12 S. W. Rep. 516, it is held that "An indictment in the usual form, charging murder to have been done deliberately and premeditatedly, is sufficient under the statute to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of a felony or otherwise. The perpetration or attempt to perpetrate any of the felonies mentioned in the statute, during which perpetration or attempt a homicide is committed, stands in lieu of and is the legal equivalent of that premeditation and deliberation which otherwise are necessary attributes of murder in the first degree. In such case it is only necessary to make the charge in the ordinary way for murder in the first degree, and show the facts in evidence, and if they establish that the homicide was committed in the

perpetration or attempt to perpetrate any of the felonies mentioned in the statute, this will be sufficient."

In the case of State v. McGinniss, 158 Mo. 105, 59 S. W. Rep. 83, it was held that "It is proper in a trial under an indictment which only charges murder, to instruct the jury that if the homicide was committed in an attempt to commit robbery, the defendant was guilty of murder in the first degree. And it is not error to give such instruction because the indictment tendered no such issue as robbery." In the case of State v. Johnson, 72 Iowa 393, 34 N. W. Rep. 177, it is held that: "A defendant may be found guilty of murder in the first degree upon the finding that he killed the decedent in the perpetration of robbery, without the allegation of that fact in the indictment." State v. Foster, 136 Mo. 653, 38 S. W. Rep. 721; Commonwealth v. Flanagan, 7 Watts & S. (Pa.) 415; State v. Weems, 96 Iowa 426, 65 N. W. Rep. 387; Cox v. People, 80 N. Y. 500; People v. Giblin, 115 N. Y. 196, 21 N. E. Rep. 1062; People v. Flanigan, 174 N. Y. 356, 66 N. E. Rep. 988; Reyes v. State, 10 Tex. App. 1; Roach v. State, 8 Tex. App. 478. See the authorities cited in the copious notes to the case of People v. Sullivan (173 N. Y. 122, 65 N. E. Rep. 989) as reported in 63 L. R. A. 353; Wharton on Homicide (3rd ed.) Sec. 574 p. 875 *et seq.* and authorities cited. We cannot agree with the Arkansas court upon this question, but are of the opinion that the better reasoning is on the side of the majority of the courts cited above that hold to the contrary. There was, therefore, no error in giving the charge complained of.

The 19th assignment of error complains of the refusal of the court to give a charge numbered six, requested to be given by the defendant's counsel. This charge

embodied the statutory definition of murder in the second degree. The writer thinks there was no evidence in the case upon which a verdict of murder in the second degree could have been based, and that the crime abundantly established by the proofs was, according to the statutory definition, murder in the first degree, and that the proofs show that the defendant, knowing that the deceased, a young woman, had some money on her person, deliberately inveigled her away from a house where a dance was in progress, at about three o'clock in the morning, shot her to death with a pistol, and at the same time robbed her of her money, then dragged the lifeless body towards a swamp for the purpose of concealing it, and that charges to the jury must be predicated upon some evidence adduced in the case, and that there was no evidence in the case to predicate a charge upon murder in the second degree.

In the case of State v. Sexton, 147 Mo. 89, text 101, 48 S. W. Rep. 452, the court says: "The trial court very properly refused to give an instruction on murder in the second degree. Under the evidence defendant * * * was guilty of murder in the first degree * * * inasmuch as the statute makes it murder in the first degree where a homicide is committed in the perpetration or attempt to perpetrate any robbery." State v. Donnelly, 130 Mo. 642, text 645, 32 S. W. Rep. 1124; State v. Foster, *supra;* Hisler v. State, 52 Fla. 30, 42 South. Rep. 692.

The majority of the court, however, think otherwise and that the refusal to give this charge was reversible error.

The 20th assignment of error is practically a repetition of the 19th assignment above already discussed.

The 1st assignment of error has already been disposed of adversely to the defendant in the discussion above of the 5th assignment.

The 14th, 15th, 16th, 17th and 18th assignments of error are all predicated on refusals of the court to give to the jury five several requested charges on the subject of an *alibi,* that the defendant made a very weak effort to establish for himself in the case. The court charged the jury quite fully and correctly on the law of *alibi* in the case, and there was, therefore, no error in refusing to give these additional requested instructions on the same subject, though they were couched in different language. Jordan v. State, 50 Fla. 94, 39 South. Rep. 155.

The 13th assignment of error complains of the following charge given by the court to the jury: "Should you find the defendant guilty of murder in the first degree, a majority of your number may recommend him to mercy, which recommendation will have the effect of reducing the penalty of his offense from death to life imprisonment, but any verdict as to his guilt or innocence must be concurred in by each of you, and your verdict must be the verdict of each and every juror." In support of this assignment it is contended that the charge is confusing and calculated to mislead the jury into the belief that each and every juror must concur in a recommendation to mercy before it can become effectual. This contention is untenable and hypercritical. The charge distinctly tells the jury that a majority of their number may recommend to mercy, but that their verdict as to his guilt or innocence must be concurred in by each and every juror. We see nothing in the charge that is at all calculated to confuse or mislead the jury.

The 10th and last assignment of error argued and presented here questions the propriety of the following charge given by the court below to the jury: "A reasonable doubt is defined to be that state of a juror's mind where after having heard and carefully considered all the evidence in a case he cannot say that he has an abiding conviction to a moral certainty of the guilt of the accused. Such doubt must, however, as its name implies, be a doubt that is reasonable, and one which arises from the evidence or lack of evidence in the case, and not a mere whim or caprice." The objection urged here against this charge is to the words at the close thereof: "and not a mere whim or caprice." We do not think this charge in the use of these words, when the whole charge is considered in connection therewith, is either erroneous, or calculated to mislead or confuse the jury, or that it is subject to the criticism made of it by counsel for plaintiff in error, to the effect that the use of the words especially objected to tended to impress the jury with the idea that according to the views of the judge there was from the evidence in the case no room for a reasonable doubt of the defendant's guilt. We cannot discover in the charge any such tendency.

For the error found by the majority of the court in the refusal to give the charge requested on murder in the second degree the judgment of the court below is hereby reversed at the cost of Volusia County.

ELLIS, J. (*concurring*).—The indictment charged the defendant with the killing of the deceased from a premeditated design to effect her death. While there was evidence tending to support the theory of the State that robbery was the motive which the defendant had for kill-

ing the woman, yet the State introduced two witnesses for the purpose of proving a statement made by the defendant immediately after the woman was alleged to have been killed. In that statement according to the two State witnesses the defendant said in substance that he had killed the woman while she was trying to take his money, "turned" him "for twelve dollars" and he killed her. There was evidence that the defendant and the deceased who was a very large woman, went apart that night for immoral purposes. When the defendant was seen again he said that the woman had "turned" him, or as another witness put it, had "tried to take his money."

The killing of the woman under these circumstances may have been murder in the first or second degree or manslaughter. The jury should have been permitted to decide the question under proper instructions from the court. I think, therefore, that the refusal to give the instruction requested on murder in the second degree was error.

SHACKLEFORD, J.; concurs.

COCKRELL, J. (*concurring*).—I concur in finding error in the refusal to charge upon second degree murder, but I go further and find error in the giving of the charge upon murder in the perpetration of robbery.

The crime of murder in this State is statutory and the form of the indictment before us charges the homicide to have been perpetrated "from and with a premeditated design" to effect the death of the person killed. The cases relied upon in the majority opinion are all upon the common law form of an indictment for murder "from

malice aforethought" which, as is pointed out by the New York Court, does not charge specifically "an intent" and thereby obviates any question of variance.