C. T. SUTTON AND FRANK HILLYARD, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed July 5, 1922.

1. An indictment presented in January, 1922, is not defective because it states it was presented at the "Fall Term," 1922, of the court, when the statute provides that the Fall Term shall begin in January.

2. Where an indictment alleges an assault "from a premeditated design to effect the death of" the person assaulted, it is not error to charge the jury that if an assault is made "in attempting to perpetrate robbery by robbing, stealing and taking from the person of," the one assaulted, that the jury should find the defendant guilty as charged in the indictment, where there is evidence to support the charge.

3. Where the evidence is not included in the transcript it must be assumed that there was no evidence to support requested charges that were refused.

A Writ of Error to the Circuit Court for Seminole County; James W. Perkins, Judge.

Affirmed.

*Thetford & Wilkinson,* for Plaintiffs in Error.

*Rivers Buford,* Attorney General, and *Marvin C, McIntosh,* Assistant, for the State.

WHITFIELD, J.—The indictment herein contains four counts, the last three of which were by the Court withdrawn from the consideration of the jury and the defendants were found guilty as charged in the first count, which count is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA.

"For Seminole County, at the Fall Term thereof, in the year of our Lord One Thousand Nine Hundred and Twenty-two, Seminole County, to-wit:

The Grand Jurors of the State of Florida, inquiring in and for the body of the County of Seminole upon their oaths do present that C. T. Sutton, late of the County of Seminole aforesaid, in the Circuit and State aforesaid laborer on the 17th day of December, in the year of our Lord One Thousand Nine Hundred and Twenty-one, with force and arms, at and in the County of Seminole aforesaid with a certain deadly weapon, to-wit, a piece of iron pipe, a better description of which is the Grand Jurors unknown, and by him, the said C. T. Sutton, then and there had and held in his hands, unlawfully and from a premeditated design to effect the death of one Isaac Frazier, in and upon whom the said Isaac Frazier an assault did make, and him the said Isaac Frazier, he, the said C. T. Sutton, did then and there beat, wound, bruise and ill treat; and the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that Frank Hillyard, of the County of Seminole, in the Circuit and State aforesaid,

on the 17th day of December, A. D. 1921, at and in the County of Seminole aforesaid, was then and there at the commission of said unlawful assault, unlawfully and feloniously present, aiding, assisting, inciting and abetting the said C. T. Sutton, the said unlawful assault, in the manner and by the means aforesaid, to do and commit, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Florida.''

The indictment was endorsed: ''Presented in open court and filed this 10th day of Jan., 1922.''

On writ of error it is argued that the court erred in denying a motion to quash the indictment and in giving and in refusing specified instructions to the jury.

The statute provides that the Fall Term of the Circuit Court for Seminale County shall begin on the ''second Tuesday in January.'' Sec. 3048 Rev. Gen. Stat. 1920.

The statement in the indictment that the Grand Jurors in the Circuit Court for Seminole County ''at the Fall Term thereof, in the year of our Lord One Thousand Nine Hundred and Twenty-two,'' inquiring in and for the body of the County, upon their oaths do present, &c., is not improper in view of the statute fixing the date for the beginning of the Fall Term of the Circuit Court in the County, the true date of the presentation of the indictment in open court being shown by the filing endorsement to be January 10, 1922, after the date of the offense charged.

If the indictment had stated that it was found at the Fall Term, 1921, while the statute fixes the Fall Term to begin in January, the offense charged to have been committed December 17, 1921, would appear to have been committed after the indictment was found unless the fil-

ing of the indictment in open court would show the true date.

The legislature had the right to designate as the "Fall Term" the term required to begin in January and the officers of the State had no authority to change the term or the designation of the term. Under the statute the term beginning in January, 1922, is the Fall Term of 1922, and not the Fall Term of 1921.

See Williams v. State, 42 Fla. 205, 27 South. Rep. 898, as to clerical errors in designating the term of the court in informations shown to have been duly filed.

In view of the statutory definition of murder in the first degree which includes an unlawful homicide- "when perpetrated from a premeditated design to effect the death of the person killed or any human being" as well as "when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary," when the charge is an assault "from a premeditated design to effect the death of" the person assaulted, it is not error to charge the jury that if an assault is made "in attempting to perpetrate robbery by robbing, stealing and taking from the person of," the one assaulted, that the jury should find the defendant guilty as charged in the indictment set out above, where there is evidence to support the charge. See Sloan v. State, 70 Fla. 163, 69 South. Rep. 871. In this case the evidence is not brought here, so it must be assumed that there was evidence as a predicate for the charge which is not erroneous as matter of law.

The court gave charges upon the subject of assault with intent to commit murder in the first degree and of aggravated assault, and refused charges as to assault with intent to commit murder in the second degree and as to assault

with intent to commit manslaughter. As the evidence is not in the record, it must be assumed that there was no evidence to support the charges refused.

Affirmed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.