92 So.2d 825 (1957)
Lewis Richard KILLEN, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, Special Division A.
February 20, 1957.
*826 R.K. Bell and William L. Peters, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen and John S. Lloyd, Asst. Attys. Gen., for appellee.
JONES, Associate Justice.
Appellant, Lewis Richard Killen, and one Charles William Lawrence were indicted jointly for the offense of murder in the first degree for the killing of one William Simpson by shooting him with a gun "in the perpetration of and in the attempt to perpetrate a robbery upon William Simpson". The Trial Jury returned a verdict finding appellant and his co-defendant guilty of manslaughter. This case is now before us on Killen's appeal from the judgment and sentence of the Trial Court.
The evidence clearly proved that appellant was engaged in the perpetration of, or in the attempt to perpetrate, a robbery when the homicide occurred. Although the crime proved was murder in the first degree, the Court not only instructed the jury as to murder in the first degree, but, also, with reference to the lesser degrees of unlawful homicide, including the offense of manslaughter of which appellant was convicted.
Appellant contends that manslaughter is not a lesser degree of homicide included in the charge of murder in the first degree when the murder is committed in the perpetration of, or the attempt to perpetrate, a robbery, and that he should have been found guilty of murder in the first degree or acquitted. We do not consider such to be the law of this State, as this Court consistently has held that where the *827 evidence is sufficient to sustain a charge of murder in the first degree, a verdict convicting a defendant of a lesser degree of unlawful homicide must stand, even though there is no evidence of the particular degree of the offense of which he is convicted. Riner v. State, 128 Fla. 848, 176 So. 38; Ammons v. State, 88 Fla. 444, 102 So. 642; Larmon v. State, 81 Fla. 553, 88 So. 471; Williams v. State, 73 Fla. 1198, 75 So. 785; Johnson v. State, 55 Fla. 41, 46 So. 174; Clemmons v. State, 43 Fla. 200, 30 So. 699; Morrison v. State, 42 Fla. 149, 28 So. 97; Mobley v. State, 41 Fla. 621, 26 So. 732; McCoy v. State, 40 Fla. 494, 24 So. 485; Brown v. State, 31 Fla. 207, 12 So. 640.
Appellant relies upon the per curiam opinion of this Court and the record in the case of Ambrister v. State (Anderson v. State), Fla., 78 So.2d 876, in support of his contention that it was reversible error for the Trial Court to instruct the jury on the lesser degrees of unlawful homicide where the charge was murder in the first degree in the perpetration of a robbery and the evidence showed that the deceased named in the indictment was killed under such circumstances. Ambrister and Anderson were found guilty of murder in the first degree upon an indictment containing two counts. The first count charged said appellants with having killed the deceased from a premeditated design, and the second count likewise charged appellants with murder in the first degree for the killing of the deceased in the perpetration of and in the attempt to perpetrate a robbery. It was not necessary in that case to pass upon the question concerning the Court's instructions under count two for the reason that the jury convicted both defendants in a general verdict of guilty on each count of the indictment upon which the judgment and sentence were entered. As to the first count, the instructions were exhaustive and correct and the evidence was sufficient to sustain the verdict and sentence entered as to each appellant. Because the convictions were sustained on the first count it was not necessary for this Court to pass upon the questions raised by the appellants on the second count. Brooks v. U.S., 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699; State v. Hammond, 188 N.C. 602, 125 S.E. 402. Under the circumstances the alleged error with reference to count two could at most be harmless error within the intendment of Section 924.33, F.S.A. Therefore, the Ambrister and Anderson case cannot be considered as a precedent or even persuasive in the disposition of the question presented here.
We have considered the cases of Southworth v. State, 98 Fla. 1184, 125 So. 345, and Henderson v. State, 135 Fla. 548, 185 So. 625, 120 A.L.R. 742, which held it was not reversible error to refuse to instruct the jury on the lesser degrees included within murder in the first degree where the evidence showed that the homicide was committed in the perpetration of a robbery.
The rule in the Southworth and Henderson cases has been changed by statute. The Henderson case was decided December 16, 1938. In the next year, by Section 229, Chapter 19554, Acts of 1939, being the Criminal Procedure Act, the Legislature enacted what is now Section 919.14, F.S.A., which reads as follows:
"If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense." (Emphasis supplied.)
The language of this statute, preceding the last sentence, is an affirmance *828 of the power of the jury as asserted by the old Section 8415, C.G.L., which it supplanted. The effect of this portion is to reaffirm the rule that where evidence is sufficient to support a verdict of guilty of the degree of the offense charged, the jury has the power to find the defendant guilty of a lesser degree of the offense, irrespective of the evidence as to such lesser degree. Hodella v. State, 158 Fla. 94, 27 So.2d 674. However, the statute goes further. The last sentence requires that in "all such cases" the court shall charge the jury as to the degrees of the offense. The words "all such cases" refer to those cases previously described in the statute, and those are cases in which the jury has the power to render a verdict of guilty of a degree of the offense less than the degree charged where the evidence supports the greater degree of the offense.
The Southworth and Henderson cases clearly, under the holding of Riner v. State, supra, were cases wherein the jury had the power to return a verdict of guilty of a degree of murder less than the first degree murder charged. Thus the language of the statute requiring in such cases that the court charge the jury as to the degrees of the offense operates to change the rule of those cases which had held it was not error under the circumstances to refuse a charge on the lesser degrees of the offense.
We, therefore, hold that in cases involving homicides committed in the perpetration of, or in the attempt to perpetrate, any of the felonies named in our statute defining murder in the first degree it is necessary to charge the jury on all degrees of unlawful homicide. This rule is particularly applicable to murder in the first degree, which by statute in this State may be committed either from a premeditated design to effect death, or when committed in the perpetration of, or in the attempt to perpetrate, any one of the felonies named in said statute, or by a combination of both means.
While the form of indictment charging the appellant, Lewis Richard Killen, with the offense of murder in the first degree "in the perpetration of and in the attempt to perpetrate a robbery" is not in itself open to attack, in the cases of Sloan v. State, 70 Fla. 163, 69 So. 871; Sutton v. State, 84 Fla. 98, 92 So. 808; and Pope v. State, 84 Fla. 428, 94 So. 865, it was held that an indictment in the usual form charging murder to have been committed with a premeditated design to effect death is sufficient under the statute to charge first degree murder, regardless of whether the murder was committed in the perpetration of any of the named felonies, because the perpetration, or attempt to perpetrate, any of said felonies, during which a homicide is committed, stands in lieu of and is the legal equivalent of premeditation, and that in such cases it is only necessary to charge that the homicide was committed with a premeditated design and then show the facts in evidence, and if they establish that the homicide was committed in the perpetration, or attempt to perpetrate, any of the felonies named in the statute, such would be sufficient to convict of murder in the first degree. Thus, it follows that when a defendant is brought to trial under an indictment drawn in the form approved in the Sloan, Sutton and Pope cases, supra, that is, in the usual form charging murder to have been committed from a premeditated design to effect death, the Trial Court should charge on all degrees of unlawful homicide, regardless of whether the evidence establishes that the homicide in question was committed from a premeditated design to effect death, or in the perpetration of, or in the attempt to perpetrate, any of the designated felonies, or as a result of a combination of both means.
Finding no reversible error, the judgment appealed from should be, and is hereby,
Affirmed.
TERRELL, C.J., and THORNAL and DREW, JJ., concur.