ALLEN, Chief Judge.
Ike Brown, the appellee here, was found guilty by the jury of murder in the second degree. A motion for a new trial was filed. The presiding judge entered an order granting a new trial to the defendant, Brown. This appeal followed the order granting a new trial.
The question of law involved in this case is whether or not a judge, trying a defendant charged under an indictment of first degree murder and convicted of murder in the second degree, should grant a new trial where the trial judge failed to charge on murder in the third degree even though there was no evidence in the record of murder in thé third degree and where the defendant did not request a *575 charge of third degree or raise any objections at the trial of a failure of the judge to charge on third degree murder. In addition thereto the defendant, in his motion for a new trial, asserted no ground based on the failure of the trial judge to charge on third degree murder.
This court holds that under the record in this case a new trial should not have been granted by the lower court.
Florida Statutes, § 918.10, F.S.A., Charge to jury; request for instructions, provides:
“(1) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial.
“(2) Every charge to a jury shall be orally delivered, and charges in capital cases shall also be in writing. Charges in other than capital cases shall be taken by the court reporter, transcribed by him, and filed in the cause.
“(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
“(4) No party may assign as error or grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
“(5) When an objection is made to the giving or failure to give an instruction, no exception need be made to the court’s ruling thereon in order to have such ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, transcribed by him, and filed in the cause.”
In the case of Everett v. State, Fla.1957, 97 So.2d 241, 244, the Florida Supreme Court, in a case where the defendant was indicted and convicted of murder, held that the defendant could not on appeal complain of instructions given or refused where no objections were made pursuant to F.S.A. § 918.10. The Court, in its opinion, saying:
“It is next contended that the charge of the court unduly emphasized the theory that the jury could find appellant guilty of murder in the first degree without reference to premeditation if the murder was committed while appellant was engaged in the perpetration of rape, robbery or burglary.
“It is true that when murder is committed in the perpetration of rape, robbery or burglary, premeditation is unimportant and does not have to be shown. To support his contention appellant relies on instructions 6, 11, 41 and 42 as revealed by the record but it is not shown that he objected on the theory here presented or on any theory prior to retirement of the jury. Section 918.10(4), Florida Statutes, F. S.A. It is clear from the record that the question here presented was not called to the attention of the trial court or ruled on by him at any time and being so it will not be considered on appeal. Daly v. State, 67 Fla. 1, 64 So. 358; Dewey v. State, 135 Fla. 443, 186 So. 224; Dukes v. State, 148 Fla. 109, 3 So.2d 754.
“The seventh question has to do with whether or not defendant was entitled to have the jury charged that they were at liberty to accept the opinion of *576 non-expert witnesses in preference to that of expert witnesses if they elected to do so.
“We have examined the charges given and those requested but we do not find that any such charge as contended for was requested. It necessarily follows that not having been requested appellant cannot complain that the charge was not given. Brunke v. State, 160 Fla. 43, 33 So.2d 226; Foreman v. State, Fla., 47 So.2d 308. It does not further appear that complaint of failure to give such a charge was made in motion for new trial, nor did any assignment of error raise the point. Aside from this we have examined the charges given and we-think they fully advised the jury that it was within their province to elect to believe the evidence of the expert or the non-expert witnesses.”
In Nelson v. State, Fla. 1957, 97 So.2d 250, 252, another murder case, the Supreme Court said:
“In presenting another point, the appellant complains that the court erred in denying four requested charges but these charges appear only in his brief. We can find in the record no reference to charges he asked the court to give to the jury or, for that matter, any objections to charges given. That there is no obligation to consider this point is obvious from an examination of Sec. 918.10(4), Florida Statutes 1955, and F.S.A., declaring that ‘the giving or the failure to give an instruction’ may not be assigned as error unless objection is made before the jury retires to consider a verdict. Dalton v. State, Fla., 42 So.2d 174.”
The Supreme Court of Florida, prior to the adoption of the Criminal Procedure Act, Chapter 19544, Acts of 1939, and in particular Section 919.14, F.S.A., which section included the following:
“The court shall in all such cases charge the jury as to the degrees of the offense.”
consistently held there was no error in the failure of a trial judge to charge in a murder case on a lesser degree of homicide where there was no evidence in the record tending to make out a lesser degree of murder.
In Carr v. State, 45 Fla. 11, 34 So. 892, the Court held that it was not error for the trial judge, in instructing the jury, to have stated that there was no evidence authorizing a conviction for a murder in the third degree, inasmuch as there was not a scintilla of evidence tending to make such a crime before the jury. To the same effect was the case of Cook v. State, 46 Fla. 20, 35 So. 665; McDonald v. State, 55 Fla. 134, 46 So. 176; Moore v. State, 59 Fla. 23, 52 So. 971, and Fails v. State, 60 Fla. 8, 53 So. 612.
In Fine v. State, 70 Fla. 412, 70 So. 379, 382, the Court, in its opinion, said:
“The court did not instruct the jury as to the definition of murder in the third degree, which, under the facts in this case, was not necessary. The definitions of murder in the first and second degree and manslaughter were given, and the forms of such verdicts were embodied in the instructions.”
In Southworth v. State, 98 Fla. 1184, 125 So. 345; 348, the Supreme Court, in its opinion, stated:
“Defendant assigns as error the refusal of the court to charge the jury on the several degrees of homicide, other than murder in the first degree. The statute makes the unlawful killing of a human being, when committed in the perpetration of robbery, murder in the first degree. Comp.Gen.Laws, § 7137; Rev.Gen.St. § 5035. The verdict is amply supported by the evidence. A verdict for any degree of homicide other than murder in the first degree would *577 not have been proper, under the evidence. It is not the duty of the court to charge the jury upon a degree of homicide to which the evidence could not apply. Fails v. State, 60 Fla. 8, 53 So. 612, Ann.Cas.1912B, 1146; Gillyard v. State, 65 Fla. 322, 61 So. 641.”
In Henderson v. State, 135 Fla. 548, 185 So. 625, 626, 120 A.L.R. 742, the Court said:
“It is contended that reversible error was committed by the trial court in failing or omitting to charge or instruct the jury upon: (a) manslaughter; (b) murder in the third degree; (c) murder in the second degree. We have carefully examined the evidence and think or believe there is ample evidence to sustain the verdict, and while the charge of the court was limited to murder in the first degree, we think that the evidence fully justifies the charge and that no error was committed in failing or neglecting to charge the lesser degrees of murder.”
The case of Henderson v. State, supra, was decided December 16, 1938, and rehearing denied January 24, 1939, so apparently this was the last case decided by the Supreme Court prior to the adoption of Section 919.14, F.S.A., as it now exists, which is as follows:
“If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.” (Emphasis supplied.)
In the case of Killen v. State, Fla.1957, 92 So.2d 825, 828, the defendant was prosecuted for murder in the first degree committed in an attempt to perpetrate a robbery. The jury returned a verdict of guilty of manslaughter and upon a judgment of guilty being rendered, the defendant appealed to the Supreme Court. The judgment and sentence for manslaughter was affirmed, the court holding that under a charge of a homicide committed in perpetration of or in an attempt to perpetrate any felony named in the statute defining murder in the first degree, it was necessary to charge the jury in all degrees of unlawful homicide.
The Supreme Court, in its opinion in Killen v. State, supra, stated that the cases of Southworth v. State, supra, and Henderson v. State, supra, were considered by the Court but that the rule in these cases was changed by statute. The Court, in its opinion, saying:
“The Southworth and Henderson cases clearly, under the holding of Riner v. State [128 Fla. 848, 176 So. 38], supra, were cases wherein the jury had the power to return a verdict of guilty of a degree of murder less than the first degree murder charged. Thus the language of the statute requiring in such cases that the court charge the jury as to the degrees of the offense operates to change the rule of those cases which had held it was not error under the circumstances to refuse a charge on the lesser degrees of the offense.
“We, therefore, hold that in cases involving homicides committed in the perpetration of, ot in the attempt to perpetrate, any of the felonies named in our statute defining murder in the first degree it is necessary to charge the jury on all degrees of unlawful homicide. This rule is particularly applicable to murder in the first degree, which by statute in this State may be committed either from a premeditated design to effect death, or when committed in the perpetration of, or in the attempt to perpetrate, any one of the felonies named in said statute, or by a combination of both means.
*578 “ * * * Thus, it follows that when a defendant is brought to trial under an indictment drawn in the form approved in the Sloan [Sloan v. State, 70 Fla. 163, 69 So. 871], Sutton [Sutton v. State, 84 Fla. 98, 92 So. 808], and Pope [Pope v. State, 84 Fla. 428, 94 So. 865] cases, supra, that is, in the usual form charging murder to have been committed from a premeditated design to effect death, the Trial Court should charge on all degrees of unlawful homicide, regardless of whether the evidence establishes that the homicide in question was committed from a premeditated design to effect death, or in the perpetration of, or in the attempt to perpetrate, any of the designated felonies, or as a result of a combination of both means.”
In the case of Pait v. State, Fla.1959, 112 So.2d 380, 386, the Supreme Court, in its opinion, said:
“Our examination of the record suggests another matter to which we invite the attention of the trial judge inasmuch as this conviction is being reversed. The instructions on the degrees of homicide as required by Section 919.14, Florida Statutes, F.S.A., were incomplete. Under the cited statute and our opinion in Killen v. State, Fla.1957, 92 So.2d 825, where first degree murder is charged it is required that the trial judge instruct the jury as to all degrees of unlawful homicide. The appellant makes no point of this on appeal and because of the view we have taken on other grounds, it is unnecessary for us to explore the possibility that failure to instruct completely on the degrees of homicide might constitute a fundamental error that would justify consideration even though not assigned. We mention the point here primarily for the information of the trial judge at any subsequent trial of the case.”
Florida Statutes, Section 782.04, F.S.A. Murder, provides:
“When perpetrated without any design to effect death, by a person engaged in the commission of any felony, other than arson, rape, robbery, burglary, the abominable and detestable crime against nature, or kidnaping, it shall be murder in the third degree, and shall be punished by imprisonment in the state prison not exceeding twenty years.”
The attorney general, in his brief, lists fifteen or more cases which were affirmed by the Supreme Court, though there was no charge given the jury on the offense of murder in the third degree.
At the time of the oral argument, the assistant attorney general, who argued this case, had before him a large number of the files of the Supreme Court calling attention to the fact that the files showed that no charges of murder in the third degree were given by the trial judge, but the cases were subsequently affirmed by the Supreme Court. The purpose of the attorney general, in calling the above cases to the attention of this court, was to show that the failure to charge on murder in the third degree in a homicide case, where there is no evidence of such crime in the record, was not such a fundamental error that would justify the granting of a new trial.
The motion of the defendant in the instant case did not allege any ground for a new trial based on the charges of the court, or failure to charge on murder in the third degree, but the trial judge in his order granted a new trial on this ground alone. The court, in his order, said:
“The Supreme Court of Florida, in the case above mentioned [Pait v. State, supra], while basing its decision reversing the trial court on certain remarks of the State Attorney, held to have been prejudicial, but complained of first before the Supreme Court, went further and as an apparent afterthought, discovered after they had determined what they were going to do, *579 called attenion to the charges of the Court in that case, in the following language :
“ ‘Our examination of the record suggests another matter to which we invite the attention of the trial judge inasmuch as this conviction is being reversed. The instructions on the degrees of homicide as required by Section 919.14, Florida Statutes [F.S.A.], were incomplete. Under the cited statute and our opinion in Killen v. State, Fla.1957, 92 So.2d 825, where first degree murder is charged it is required that the trial judge instruct the jury as to all degrees of unlawful homicide.’
“One can only arrive at the conclusion that had the Supreme Court’s attention been called to these charges in the first instance, they would have reversed the case on that proposition alone.
“In the case now under consideration by this Court, it must be admitted that the charges on the various degrees of unlawful homicide, as given by this Court, was not ‘complete’ because this Court did not give the jury the statutory definition of murder in the third degree. This definition was omitted for the simple reason that there was absolutely nothing in the testimony upon which the jury could base a verdict of murder in the third degree.”
It is apparent that the trial judge in the instant case reluctantly granted a new trial to the defendant because of the Supreme Court’s comment in the Pait and Killen cases, supra, although there was no evidence in the instant record of murder in the third degree, and no request had been made by the defendant for an instruction of murder in the third degree, nor was any ground, as before stated, asserted in the motion for a new trial that the court had failed to charge on murder in the third degree, and that such failure, under the circumstances, was a fundamental error necessitating a new trial to be granted by the court. It is probably ironical that this court, under the circumstances above set forth, should now reverse the lower court for granting a new trial in this case.
Subsequent to the order of the trial judge granting a new trial in this case, the Supreme Court of Florida, in the case of Williams v. State of Florida, 117 So.2d 473, reversed a trial judge on other grounds but commented as follows:
“We deal with another point raised by counsel for appellant for the first time during oral argument and mentioned again by him in the reply brief which was filed afterward by leave of the court. The complaint is made that the trial court failed to charge the jury with reference to manslaughter despite the mandate of the statute, Sec. 919.14, Florida Statutes 1955, and F.S.A., and the pronouncement of this court in Killen v. State, Fla., 92 So.2d 825,
“In that case it was contended that the court committed error in charging the jury on manslaughter in the trial of the appellant for committing murder in the first degree. It was held that no error had resulted from giving a charge that was necessary under the statutfe. Here it is insisted that we should reverse the judgment or failure to give the charge though there was no request for it, no objection for failure to give it and, to repeat, no mention of the failure until the oral argument was presented. Although such a charge would have been proper, Pait v. State, Fla., 112 So.2d 380, we do not feel that in the circumstances of this case and in view of the manner of Kaplan’s death, we are obligated to hold, or even justified in holding, that the absence of the charge amounted to such fundamental error as to render the judgment erroneous.
“We do not reverse the judgment on that ground but we observe, as we *580 did in Pait v. State, supra, that it will be well when the case is re-tried for the judge to follow the statute, Sec. 919.14, supra, and the opinion in Killen v. State, supra.”
We, therefore, hold that the order of the circuit court in granting a new trial to the appellant must be vacated as the absence of the charge of murder in the third degree was not such fundamental error as to render the judgment erroneous, especially in view of the failure of the defendant below to raise such objections as required under § 918.10, supra.
Were this court to have this question before us as one of first impression, we would follow the decisions of the Supreme Court of Florida which were rendered prior to 1939, (during which year the Legislature provided in § 919.14, Florida Statutes, F.S.A., that “the court shall in all such cases charge the jury as to the degrees of the offense,”) in the cases of Carr v. State, 45 Fla. 11, 34 So. 892; Cook v. State, 46 Fla. 20, 35 So. 665; McDonald v. State, 55 Fla. 134, 46 So. 176; Moore v. State, 59 Fla. 23, 52 So. 971; Fails v. State, 60 Fla. 8, 53 So. 612; Fine v. State, 70 Fla. 412, 70 So. 379; Southworth v. State, 98 Fla. 1184, 125 So. 345, and Henderson v. State, 135 Fla. 548, 185 So. 625, 120 A.L.R. 742.
It is a fundamental principle that the court’s instructions to the jury should relate and be confined to issues concerning evidence which has been offered at trial. Moreover, the court should not be bound to instruct the jury respecting the abstract rules of the law of homicide, but the court should only instruct on the principles applicable to the evidence of homicide in the case at bar. According to the great weight of authority, in the absence of any evidence whatever tending to establish guilt of any particular degree of homicide which may be included in the crime as charged in the indictment, the trial court is not required to, and should not, give instructions which inject that particular degree of homicide into the case. See 26 Am.Jur. Homicide, § 558, and cases cited therein. Also see Annotations 21 A.L.R. 606; 27 A.L.R. 1097; 102 A.L.R. 1019; and 41 C.J.S. Homicide § 389, p. 203.
It is stated in 4 Warren on Homicide, § 344, Permanent Edition, that in most states the rule in effect is that the court should not charge as to any grade or degree of homicide which is not put in issue by the evidence. Although it is true that the jury has the right to determine the degree of the crime committed in a homicide case, yet its determination must be based upon the evidence, and if there be no evidence tending to support the lesser degree of the crime charged, the court need not instruct thereon.
In 5 Wharton, Criminal Law and Procedure, § 2099, (12th ed. 1957), and cases cited therein, the rule generally is stated as follows :
“ * * * But jf it is clear from the evidence that a lesser degree of guilt is not involved, it is not error for the court to refuse a request for, or to fail to give such instructions. Accordingly, one convicted of a higher grade of homicide may not, according to the weight of authority, complain that no instruction has been given on a lower degree, when the evidence does not support such instruction but on the contrary shows clearly that the killing was intentional, and therefore the failure or refusal to give such instruction is not reversible error or a ground for a new trial. So, in the absence of evidence of a lower grade of homicide than that of which the accused is found guilty, by the weight of authority he is not entitled to a new trial because of an instruction to the effect that he should be found guilty of the higher degree or found not guilty. * * *”
A statute requiring that, on the trial of an indictment for murder in the first degree, the jury must inquire, and by their, *581 verdict ascertain, under the instruction of the court, whether the defendant is' guilty of murder in the first or second degree, has been held not to require an instruction on murder in the second degree unless there is evidence to support a finding of the latter offense. State v. Hopper, 71 Mo. 425; State v. Umble, 115 Mo. 452, 22 S.W. 378, and State v. Fairlamb, 121 Mo. 137, 25 S.W. 895.
The Supreme Court of Missouri, in State v. Hopper, supra, said:
“It has always been held to be the duty of the court, in trials for murder, if the evidence would warrant it, to instruct the jury as to murder in the second degree, and if the above section was meant to require such an instruction to be given, without regard to the evidence, we do not hesitate to say that it is such an invasion of the province of the judiciary as cannot be tolerated without a surrender of its independence under the Constitution. The legislature can pass any constitutional law it may deem proper, and the courts are hound to observe it, but it cannot prescribe for them what instructions they shall give in a cause, unless they have previously embodied into a legislative enactment as the law of the land the substance of such instructions. We hold, therefore, that, in any view to be taken of § 1234, the trial courts cannot, in a trial for murder, give an instruction in regard to murder in the second degree, unless there is evidence which would warrant the jury in finding the accused guilty of murder in that degree.”
We note that the Supreme Court of Florida, in the case of Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207, in construing Section 918.10, Florida Statutes, F.S.A., which directs the court to charge upon the penalty of a crime, quoted with approval the above language of State v. Hopper. The Supreme Court, in its opinion, further quoted the language found in Fagan v. Robbins, 1928, 96 Fla. 91, 100, 117 So. 863, 866, which quoted with approval the following enunciation by the Supreme Court of Pennsylvania in Becker v. Lebanon & M. St. Ry. Co., 188 Pa. 484, 41 A. 612:
“ ‘The word “shall” when used by the Legislature to prescribe the action of a court is usually a grant of authority, and means “may,” and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power.’ ” [160 Fla. 626, 36 So.2d 209.]
The Court further stated:
“It is a rule of statutory construction that an interpretation will be adopted which will avoid objectionable consequences.”
The Supreme Court further said in its opinion:
“In the trial of a criminal case in ' Florida the function of the jury is to determine the issues of fact. The issues of fact embrace the disputes between the State and the defendant as-to what actually existed or occurred at the particular time and place in question. When the State has carried the burden which rests upon it, the jury must apply the law in charge to the ■ facts thus shown to be true in order to arrive at a verdict conformable to law. Hence the sole function of the court’s charge is properly to inform the jury concerning the rules of law applicable to the facts in dispute. If the court is required to depart from this course and discuss matters having no bearing on the true function of the jury, the trial necessarily is disconcerted and impeded.
* * * * * *
“This statement is also found (16 C.J.S. Constitutional Law § 128) :
*582 “ ‘Although the legislature may regulate the procedure of trial courts with respect to instructions to juries, it cannot abridge the power of the judge to charge the law, and direct a verdict where the facts are undisputed; nor can it require the court to instruct the jury withotit regard to the evidence offered.’ (Italics supplied.)
* * * * * *
“The provision of the statute in question must be interpreted as being merely directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial.”
If an interpretation had been placed on the statute in the instant case, which requires the judge to charge on all the degrees of homicide, under the above quoted interpretation, the statute would be applicable only where there was evidence before the jury of any of the lesser included degrees of homicide.
While we do not find any Supreme Court decision subsequent to the enactment of § 919.14, Florida Statutes, F.S.A., that specifically holds that the trial court in a homicide case must instruct on third degree murder, even though there is no evidence before the jury of such crime, the general language of the Court in Killen v. State, supra, and Pait v. State, supra, indicates that the trial judge, if requested, should charge on all the lesser included degrees of homicide even though there is no evidence to support such charges, and the Supreme Court has again said in the case of Williams v. State, supra:
“We do not reverse the judgment on that ground but we observe, as we did in Pait v. State, supra, that it will be well when the case is re-tried for the judge to follow the statute, Sec. 919.14, supra, and the opinion in Killen v. State, supra.”
We again state our holding in the instant case that failure to instruct on third degree homicide when no evidence is presented as to such crime is not a fundamental error when no request has been made by the defendant for such instruction and when the failure to so instruct is not set forth in the defendant’s motion for new trial. We, therefore, hold that the order granting a new trial must he set aside and a judgment entered consonant with the verdict of the jury.
KANNER and SHANNON, JJ., concur.