DREW, Chief Justice
(concurring specially).
I agree that the judgment of conviction should be affirmed. The perpetration of, or attempt to perpetrate, a robbery w.as, in my opinion, established both by evidence and by defendant’s confession. This fact stands in lieu of and under the statute is the legal equivalent of premeditation. Sec. 782.04, F.S., F.S.A. Our cases have repeatedly adjudicated the propriety of such proof under an indictment in the form here involved:
“ * * * in such cases it is only necessary to charge that the homicide was committed with a premeditated design and then show the facts in evidence, and if they establish that the homicide was committed in the perpetration, or attempt to perpetrate, any of the felonies named in the statute, such would be sufficient to convict of murder in the first degree. Thus, it follows that when a defendant is brought to trial under an indictment drawn in the form approved in the Sloan, Sutton and Pope cases, supra, [Sloan v. State, 70 Fla. 163, 69 So. 871; Sutton v. State, 84 Fla. 98, 92 So. 808; Pope v. State, 84 Fla. 428, 94 So. 865], that is, in the usual form charging murder to have been committed from a premeditated design to effect death, the Trial Court should charge on all degrees of unlawful homicide, regardless of whether the evidence establishes that the homicide in question was committed from a premeditated design to effect death, or in the perpetration of, or in the attempt to perpetrate, any of the designated felonies, or as a result of a combination of both means.” Killen v. State, Fla. 1957, 92 So.2d 825, 828.