PER CURIAM.
Richard Harry Siekman, defendant below, appeals from judgment and sentence entered upon a jury verdict finding him guilty of aggravated assault.
Mrs. Butts, the prosecutrix, testified that in the late afternoon of June 11, 1965, while driving her automobile, she was motioned to the curb by a man driving another automobile. She identified the man as defendant Siekman. She stated the man motioned her *353 to the curb on the pretext or excuse that the right rear wheel of her car was “wobbling.” After they both stopped, they examined the wheel and had a conversation about going to a filling station to have it fixed.
The witness further testified that, upon returning to the driver’s side and preparatory to getting back into her car, the defendant “put his hands on my shoulder or this part of my body, and he pushed me and said ‘Get in’.” She further stated she pushed him and in doing so, she slipped or fell to the ground. She said: “* * * then he bent over me, and he had a knife. He put it right here, and he said, ‘I mean it. I’ve got a knife.’ ”
The prosecutrix then testified she started screaming and ran away from him and that she could not tell what kind of knife the defendant had in his hand.
Richard Williams, another witness to whom Mrs. Butts ran for assistance, stated he saw the defendant standing in the open door of prosecutrix’ automobile with what appeared to be a blade of a knife visible in the defendant’s right hand. When asked how long the blade appeared to be he replied, “Maybe three inchefe.”
The appellant states two points on appeal:
1. The court in its charge to the jury erred in defining the meaning of ‘deadly weapon’ as applied to the law of aggravated assault.
2. The court erred in failing to instruct the jury that in the event the jury found the instrument allegedly used was not a deadly weapon, that they could find the defendant guilty of the lesser included offenses of ‘assault’ or ‘assault and battery.’
The trial attorney for the appellant made no objections to the charge that was given, nor did he request any charges.
We do not find reversible error under the record in this case and even if there might be error in the charges, no objection was made thereto and no request was made for additional charges. See State v. Brown, Fla.App.1960, 118 So.2d 574; and Brown v. State, Fla.1960, 124 So.2d 481; and Flagler v. State, Fla.App.1966, 189 So.2d 212 (affirmed by Supreme Court Opinion dated March 1, 1967, Flagler v. State, Fla.1967, 198 So.2d 313).
Affirmed.
ALLEN, C. J., and PIERCE, J., and OVERTON, BEN F., Associate Judge, concur.