ALLEN, Chief Judge.
The appellant, Newell Alligood, was indicted for the offense of murder in the first degree by the Grand Jury of Lee County, Florida and was convicted by the jury of the offense with a recommendation of mercy. He was sentenced by Judge Odom on February 10, 1966, to life imprisonment.
This appeal is a companion case to that of Williams v. State, Fla.App., 199 So.2d 752, in which our opinion has been filed affirming the conviction and sentence of Robert Earl Williams to life imprisonment, opinion filed May 24, 1967. For a complete statement of the facts in the instant case, we refer the reader to the Williams case.
Newell Alligood was also informed against for the off ensé of escape and was sentenced to a term of five years imprisonment, which this court has affirmed.
The indictment alleged that Newell Alli-good, in the County of Lee and State of Florida, on the 26th day of April, 1965, “did unlawfully and from a premeditated design to effect the death of another human being murdered one Lester B. Sumner, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida.”
The direct perpetration of the homicide was effected by Robert Earl Williams. The appellant, Alligood, in his motion for a new trial states:
“Defendant says that the judgment ought to. be arrested for the reason that the State relied for conviction on a case other than the one alleged in the indictment, in that the indictment alleged premeditation and the State predicated its case on felony murder.
“Defendant says further that the verdict ought to be arrested because the indictment alleged that the Defendant was the perpetrator of murder in the first degree and proof was made that another was the perpetrator of the murder.”
In the case of Pope v. State, 1922, 84 Fla. 428, 94 So. 865, 866, 869, the Court said:
“ ‘ * * * when several persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design; and if several persons combine to do an unlawful act, and in the prosecution of the common object a culpable homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present and abetting the injury done, and the actual perpetrator is considered as the agent of his associates. His act is their act, as well as his own, and all are equally criminal.’ Henry v. State, 81 Fla. 763, 89 So. 136.
* * ? * * * *
“In Sloan v. State, 70 Fla. 163, 69 South. 871, it was held that, in view of the statutory definition of murder in the first degree, when an indictment charges murder to have been committed ‘from a premeditated design to the effect the death of the person killed or any human being,’ there may be a conviction of murder in the first degree upon proof ‘that the *769 homicide was committed in the perpetration or attempt to perpetrate any of the felonies named in the statute,’ defining murder in the first degree; i. e. ‘arson, rape, robbery or burglary.’ See, also, Sutton v. State (Fla.) [84 Fla. 98,] 92 South. 808, decided at the last term. It was also in effect held in the Sloan Case that such an indictment sufficiently stated the nature and cause of the accusation. It is contended that the rule announced in the cited Sloan Case is not applicable as against the defendant Pope, who is charged as a principal in the second degree, and who was not actually present when the homicide was committed.
“A principal in the first degree and a principal in the second degree are both principals, and are punishable alike. The degrees are designed merely to indicate that one actually committed the felonious act, and that the other was present (actually or constructively) aiding and abetting the felonious act. Both are equally guilty; and it is not material which one is alleged to have actually committed the felonious act, if it is duly proven that one committed the act and that the other was present, and aided and abetted the alleged felony. [Cases cited.]
“As the defendant Pope is indicted as a principal, the allegations are sufficient to state the nature and cause of the accusation against him to satisfy the requirements of section 11 of the Declaration of Rights of the Constitution.”
In the case of Roberts v. State, Fla.1964, 164 So.2d 817, our Supreme Court held that an indictment generally charging an unlawful homicide with a premeditated design can be proved by evidence of a homicide committed in perpetration of a robbery. In its opinion the Court refused ta recede from previous holdings to the effect that an indictment generally charging an unlawful homicide with a premeditated design can be proved by evidence of a homicide committed in perpetration of a robbery.
We have read all of the testimony adduced against the defendant Alligood and find that it parallels the testimony adduced against Robert Earl Williams. As heretofore stated, we affirmed the case against Williams in our opinion filed the 24th day of May, 1967. The evidence in the instant case shows that while Alligood did not commit the fatal act that killed Lester B. Sumner, he was aiding and participating in the escape, robbery and the murder that resulted therefrom.
We find no error in the record and affirm.
Affirmed.
SHANNON and LILES, JJ., concur.