Newell ALLIGOOD, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 30898.

United States Court of Appeals,
Fifth Circuit.

April 12, 1971.

Newell Alligood, pro se.

Earl Faircloth, Atty. Gen., State of Fla., Tallahassee, Fla., P. A. Pacyna, Morton J. Hanlon, Asst. Attys. Gen., Lakeland, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.[1]

Appellant is presently incarcerated in the Florida State Prison at Raiford, Florida. While serving a sentence on a prior conviction, appellant and other prisoners attempted an escape, in furtherance of which one of the prison personnel was slain. Appellant was charged with first degree murder and was convicted by a jury, who recommended mercy. He was sentenced to life imprisonment on February 10, 1966. The conviction was affirmed on direct appeal. Alligood v. State, Fla.App.1967, 199 So.2d 767.

Having exhausted state remedies, appellant sought habeas corpus relief in the court below. As grounds for relief he alleged:

1. The trial court erred in admitting into evidence a photograph of the deceased.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. The jury was not instructed as to the possibility of a conviction of a lesser included offense.

3. A sheriff's investigator was permitted to testify as to incriminating statements made by appellant at a time when he had no attorney, had not been advised of his rights to counsel and to remain silent.

4. He did not have the opportunity to cross examine the accomplice whose incriminating statements were admitted into evidence.

The district court denied relief based upon a transcript of appellant's trial in state court.

■ The admission of the photograph of the deceased presents no federal constitutional question. Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319; Williams v. Wainwright, 5th Cir. 1970, 427 F.2d 921; Nees v. Culbertson, 5th Cir. 1969, 406 F.2d 621. Nor does the court's failure to instruct the jury on lesser included offenses present a federal constitutional question. Higgins v. Wainwright, 5th Cir. 1970, 424 F.2d 177; Flagler v. Wainwright, 5th Cir. 1970, 423 F.2d 1359.

■ As regards the incriminating statement made by appellant, the state trial court found that the statement was not taken under circumstances to render it involuntary. Appellant's trial occurred prior to the date the United States Supreme Court rendered its opinion in Miranda v. Arizona, 1966, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; therefore the *Miranda* standards are not applicable to this case. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. At appellant's trial the investigator who testified as to the statements made by appellant also testified that he informed appellant of his rights to counsel and to remain silent and that anything he said could be used against him. The district court found that the statements were not involuntary. We perceive no clear error in this finding.

■ Nor do we perceive clear error in the district court's findings regarding appellant's fourth contention. In response to interrogatories propounded by the district court, appellant stated that the accomplice was not called as a witness because counsel made no attempt to call him. Nothing in the record shows that counsel or the appellant attempted to have the accomplice testify. The district court found this to be a matter of trial tactics, not a denial of a constitutional right. We agree.

The judgment below is affirmed.

Affirmed.