785 So.2d 612 (2001)
Raul MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-591.
District Court of Appeal of Florida, Third District.
April 25, 2001.
As Corrected on Denial of Rehearing May 30, 2001.
*613 Bennett H. Brummer, Public Defender, and Dorothy F. Easley, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
Raul Morales, the defendant below, appeals from a final judgment of conviction and sentence for BUI manslaughter and vessel homicide. We affirm the BUI manslaughter conviction and sentence and vacate the vessel homicide conviction.
On September 27, 1998, the defendant was traveling at approximately 45-50 MPH in his speed boat through a no-wake zone when his boat struck a jet-skier, Hubert Jaurequi, who died from the injuries. Coast Guard Officer Ludwig arrived a few minutes later and conducted a field sobriety test. Officer Ludwig found the defendant unable to properly complete some parts of the test and concluded that the defendant was impaired by alcohol.
Officer Ludwig transferred custody of the defendant to Detective Kaloostian of the Florida Marine Patrol, who brought the defendant to the hospital for a blood draw. The defendant's blood alcohol level (BAL) was .07 two and a half hours after the collision. The defendant admitted he had consumed three beers just before the accident and that he knew he was speeding in a no-wake zone, but said the victim cut in front of him.
At trial, Detective Kaloostian testified that the defendant gave contradictory accounts of the accident, and that the physical examination did not corroborate the defendant's story. The State presented testimony at trial that the defendant appeared sleepy, his breath had the odor of alcohol, his face was flushed, his eyes were bloodshot, and that he swayed and had difficulty standing, ascending stairs, and exiting the Coast Guard boat.
The defense objected to an instruction on the presumption of impairment, asserting that the State failed to comply with the statutory and administrative procedures for admission of BAL test results. The defendant was convicted of both BUI manslaughter and vessel homicide. The defense unsuccessfully moved for a new trial. This appeal follows. For the following reasons, we affirm the BUI manslaughter conviction and sentence, and vacate the vessel homicide conviction.
The State concedes that one of the convictions must be vacated as only one homicide conviction can be imposed for a single death. See State v. Chapman, 625 *614 So.2d 838, 839 (Fla.1993); Houser v. State, 474 So.2d 1193, 1196 (Fla.1985).
The defendant challenges his BUI manslaughter conviction on several grounds. He contends, first, that the conviction cannot stand because he was charged in the information with violating a repealed statute, section 327.351(2), Florida Statutes (1995), "Operation of a Vessel While Intoxicated," and convicted of violating the successor statute, section 327.35(3)(c)3, Florida Statutes (1997), "Boating Under the Influence." Because the defendant failed to object at the trial level, he argues on appeal that it was fundamental error. We disagree. The only error was the State's citation to the incorrect statutory provision in the information. See Fla.R.Crim.P. 3.140(d)(1) ("Error on or omission of the citation shall not be ground for dismissing the count or for reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice".). The language in the body of the information was nearly identical to the language in the jury instruction, and both tracked the language of the proper statutory provision, section 327.35. The defendant was not prejudiced by this error because the language in the information placed him on proper notice of the crime with which he was being charged. Accordingly, the error, which was not fundamental and not preserved for review, was waived. See Jordan v. State, 728 So.2d 748, 749-750 (Fla. 3d DCA 1998) (erroneous statutory citation in information is waived if not preserved for review and not fundamental error); see also Williams v. State, 547 So.2d 710 (Fla. 2d DCA 1989) ("Any defect in an information is waived if an objection is not made timely as long as the information does not wholly fail to state a crime.").
The defendant's next argument is that the trial court erred in admitting the BAL test results into evidence. The defendant contends that because there was no testimony by the technician who collected the blood that the vial contained an anticoagulant, and no testimony by the toxicologist that the substance was even blood, the State failed to substantially satisfy the criteria of Florida Administrative Code rule 11D-8.012(3).[1] The trial court properly admitted the BAL results, as the State satisfied its burden of establishing its reliability under the rule. The Miami-Dade toxicologist who analyzed the blood testified that it was contained in gray stopper vials in a blood kit; that he knew the manufacturer of the vials placed anticoagulants in the stopper vials; and that he knew there was anticoagulant because the blood did not clot even a year later. This unrebutted evidence was sufficient proof of the presence of an anticoagulant in the vial that contained the blood.
The defendant's assertion that the State was required to prove that the substance examined by the toxicologist was actually blood is an attack on the weight of the evidence, not its admissibility. The defense offered no counter-evidence or testimony on these points. Moreover, the chain of custody testimony adduced by the State was sufficient to prove that the substance was drawn from the defendant, and therefore must have been blood. See Jordan v. State, 707 So.2d 816 (Fla. 5th DCA 1998) ("In order to bar the introduction of relevant evidence due to a gap in the chain *615 of custody, the defendant must show that there was a probability of tampering with the evidence.... A mere possibility of tampering is insufficient.") (citations omitted).
Because the BAL results were admissible under the statutory implied consent law and administrative rule 11D-8.012(3), the defendant's fourth argument is without merit, as are the defendant's remaining arguments. See Miles, 775 So.2d 950; Robertson v. State, 604 So.2d 783 (Fla. 1992); State v. Bender, 382 So.2d 697 (Fla. 1980).
Affirmed.
NOTES
[1] We note that the defendant does not contend, as did the defendant in State v. Miles, 775 So.2d 950 (Fla.2000), that rule 118.012 is inadequate to ensure a reliable analysis; he contends only that the State did not comply with the rule as written. However, nothing in rule 11D-8.012 designates the manner in which the State must prove the presence of the anticoagulant in the vial.