PER CURIAM.
Jeremy Rashad Florence appeals from his judgments and sentences, entered following a jury trial, on charges of attempted first-degree murder with a firearm, attempted robbery with a firearm, aggravated battery with a firearm and aggravated assault with a firearm. The jury also returned special findings that Florence actually possessed and discharged a firearm during commission of the crimes. Florence argues that the trial court “committed fundamental error and denied appellant his state and federal constitutional rights to due process by instructing the jury on the uncharged offense of attempted felony murder.” Finding no error, we affirm.
It is well settled in Florida that when the information charges first-degree murder, the State may pursue either a theory of premeditation or felony murder, or both, and that both theories need not be charged in order to receive a jury instruction on both. See, e.g., Parker v. State, 904 So.2d 370, 382-83 (Fla.2005) (“It is well established that an indictment which charges premeditated murder permits the State to prosecute under both the premeditated and felony murder theories.”) (citation omitted); Woodel v. State, 804 So.2d 316, 322 (Fla.2001) (“[W]e have repeatedly *199 rejected claims that it is error for a trial court to allow the State to pursue a felony-murder theory when the indictment gave no notice of the theory.”) (quoting Gudinas v. State, 693 So.2d 953, 964 (Fla.1997)); Kearse v. State, 662 So.2d 677, 682 (Fla. 1995) (“The State need not charge felony murder in an indictment in order to prosecute a defendant under alternative theories of premeditated and felony murder when the indictment charges premeditated murder.”) (citations omitted). The same has been held in attempted first-degree murder cases. See Dempsey v. State, 72 So.3d 258, 260-61 (Fla. 4th DCA 2011); White v. State, 973 So.2d 638, 641 (Fla. 4th DCA 2008). In this case, the evidence was sufficient to sustain a conviction under either theory, and trial court did .not err when it instructed the jury on both.
Although we affirm the judgments and sentences, both parties agree that the judgment needs to be corrected to reflect that the offense of attempted robbery with a firearm is a second-degree felony. The judgment erroneously identifies the offense as a life felony. This correction does not impact Florence’s sentence on the charge, and Florence need not be present for the correction.
AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT.
TORPY, C.J., LAWSON and BERGER, JJ., concur.