# Supreme Court of Florida

_____

No. SC15-1542
_____

**CALVIN WEATHERSPOON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[April 6, 2017]

PARIENTE, J.

The issue before this Court is whether the State is entitled to a jury instruction and to argue to the jury the statutory crime of attempted felony murder under section 782.051, Florida Statutes (2016), when the State charges only attempted murder and does not charge or allege the elements of attempted felony murder in the charging document. Although the Fourth District Court of Appeal determined that no due process violation occurred by the failure to charge attempted felony murder, it recognized that the issue was one that should be resolved by this Court and certified the following question of great public importance:

IN LIGHT OF THE LEGISLATURE'S CREATION OF SECTION 782.051, WHICH CREATED A CRIME CALLED "ATTEMPTED FELONY MURDER," THAT WAS PREVIOUSLY DECLARED BY STATE V. GRAY, 654 So. 2d 552 (Fla. 1995), TO BE A NONEXISTENT CRIME UNDER SECTION 782.04(1)(A), DOES THE STATE NEED TO SPECIFICALLY ALLEGE THE ELEMENTS OF AND CITE TO SECTION 782.051 OR DOES AN ALLEGATION OF ATTEMPTED PREMEDITATED MURDER AUTOMATICALLY INCLUDE ATTEMPTED FELONY MURDER, JUST AS AN INDICTMENT FOR PREMEDITATED MURDER AUTOMATICALLY INCLUDES FELONY MURDER?

Weatherspoon v. State, 191 So. 3d 481, 481 (Fla. 4th DCA 2015). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

We conclude that the Fourth District's reliance on this Court's precedent in the felony murder and first-degree premeditated murder context was misplaced because attempted felony murder and attempted premeditated murder are now distinct crimes with different elements and punishments.[1] Because the statutory crime of attempted felony murder is a crime separate from attempted premeditated murder with different elements and different punishments, the State must charge the crime of attempted felony murder in order to be entitled to a jury instruction on that crime and proceed under that theory. The failure to properly charge the

---

[1]. Weatherspoon's codefendant, Tharod Bell, also sought review of the decision of the Fourth District in his case, Bell v. State, 152 So. 3d 714 (Fla. 4th DCA 2014). This Court has accepted jurisdiction of Bell's review proceeding, Case No. SC15-245 (Fla. notice invoking discretionary jurisdiction filed Feb. 10, 2015), and the case is currently stayed pending the disposition of the instant case.

- 2 -

defendant with the crimes that the State is pursuing is both a violation of article I, section 16, of the Florida Constitution and, as applied to this case, a violation of defendant's right to notice of the charges against him so as to provide the defendant with due process of law under article I, section 9, of the Florida Constitution.

We agree with Judge Warner's analysis in her dissent in Weatherspoon v. State, 194 So. 3d 341, 341-48 (Fla. 4th DCA 2015), and answer the certified question in the affirmative, quash the decision below in Weatherspoon, and disapprove of the decisions of the Fourth District Court of Appeal in Dempsey v. State, 72 So. 3d 258 (Fla. 4th DCA 2011), and the Fifth District Court of Appeal in Florence v. State, 128 So. 3d 198 (Fla. 5th DCA 2013), to the extent they are inconsistent with this opinion. We remand this case to the district court for further proceedings consistent with this opinion.[2]

---

2. Weatherspoon also briefed an additional issue of whether Weatherspoon unequivocally invoked his right to counsel, such that the trial court's admission of his statements to the police was in error. We exercise our discretion and decline to address this issue that is outside the scope of the certified question. See Fla. R. App. P. 9.030(a)(2)(A)(v); Campbell v. State, 125 So. 3d 733, 734 n.1 (Fla. 2013) (declining to address issue beyond the basis of the Court's conflict jurisdiction); Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 n.6 (Fla. 2003) (declining to address issues outside of the scope of the certified question).

## FACTS

Weatherspoon, along with four codefendants, was charged with the November 2008 robbery of a Dunkin' Donuts in Delray Beach, Florida. During the course of the robbery, one of the codefendants shot two people in the store and one in the parking lot. All four codefendants were charged pursuant to a single information containing multiple counts, including attempted first-degree murder with a firearm, robbery with a firearm, aggravated assault with a firearm, and possession of a firearm while committing false imprisonment. With respect to the three counts of attempted first-degree murder, the information alleged:

> JAMES HERARD and/or CALVIN LEE WEATHERSPOON, IV and/or CHARLES LUKE FAUSTIN and/or THAROD BELL . . . did unlawfully attempt to commit from a premeditated design, effect the death of a human being, kill and murder [each of the three victims], a human being, an offense prohibited by law, and in such attempt did an act toward the commission of such offense by shooting [each of the three victims], but JAMES HERARD and/or CALVIN LEE WEATHERSPOON, IV and/or CHARLES LUKE FAUSTIN and/or THAROD BELL failed in the perpetration or was intercepted or prevented in the execution of said offense, and during the commission or attempt to commit any offense listed in Florida Statute 775.087(2)(a) 1, JAMES HERARD and/or CALVIN LEE WEATHERSPOON, IV and/or CHARLES LUKE FAUSTIN and/or THAROD BELL actually possessed a firearm or destructive device as those terms are defined in section 790.001, Florida Statutes, and further during the course of committing or attempting to commit any offense listed in Florida Statute 775.087(2)(a) 1, JAMES HERARD and/or CALVIN LEE WEATHERSPOON, IV and/or CHARLES LUKE FAUSTIN and/or THAROD BELL discharged a firearm or destructive device as defined in section 790.001, Florida Statutes, and, as the result of the discharge, death or great bodily harm was inflicted upon [each of the three victims], contrary to Florida Statutes

777.04(1) and 782.04(1)(a)(2) and 775.087(2)(a)(1) and 775.087(2)(a)(2) and 775.087(2)(a)(3).

Weatherspoon was tried by the same prosecutors as his codefendant, Bell, but before separate juries.

During his opening statement, Weatherspoon's attorney argued that Weatherspoon had no idea that codefendant Herard intended to shoot or kill anyone during the robbery, while the State countered, stating that Weatherspoon knew one of the reasons for the robbery was to give Herard a chance to kill people as part of a "body count competition." The issue of whether the State could pursue an attempted felony murder theory as well as the theory of attempted first-degree premeditated murder was first raised following the opening statements and addressed again when the parties began to address jury instructions for both trials. Both Weatherspoon and Bell objected to the State's proffered jury instruction on attempted felony murder, arguing that the crime was not pled in the information.

The trial court overruled the objections and gave the following jury instruction on attempted felony murder:

> There are 2 ways in which a person may be convicted of Attempted First Degree Murder. One is known as Premeditated Murder, and the other is known as Felony Murder.
>
> . . . .
>
> To prove the crime of Attempted First Degree Felony Murder, the State must prove the following (3) elements beyond a reasonable doubt:

- 5 -

1. Calvin Lee Weatherspoon committed or attempted to commit a Robbery.

2. While engaged in the commission, attempted commission or escape from the immediate scene of a Robbery, the Defendant committed or aided or abetted an intentional act that is not an essential element of the Robbery.

3. The intentional act could have but did not cause the death of [the victim].

Robbery is defined by Florida law as the taking of money or other property which may be the subject of larceny from the person or custody of another with the intent to either permanently or temporarily deprive the person or the owner of the money or other property when in the course of the taking there was a use of force, violence, assault, or putting in fear.

In order to convict Calvin Lee Weatherspoon of Attempted Felony Murder, it is not necessary for the State to prove that he had a premeditated design or intent to kill.

See Fla. Std. Jury Instr. (Crim.) 6.3.

During closing argument in Weatherspoon's trial, the State argued both the attempted premeditated murder theory and attempted felony murder, "instructing the jury it could convict under either one." Weatherspoon, 194 So. 3d at 343 (Warner, J., dissenting). During deliberations, the jury asked for "[c]larification on Attempted 1st deg. murder and Attempted 1st deg. felony murder. Attempted 1st deg. felony murder is not on the verdict form," to which the prosecutor replied, "[I]t sounds like they were probably thinking we had to delineate which one[.]" Id. at 344. The judge told the jury to rely on the written instructions given to them.

- 6 -

Id.  The jury returned a verdict of guilty on all of the attempted first-degree murder

counts, and Weatherspoon was sentenced to life in prison.

The Fourth District affirmed Weatherspoon's convictions.  Weatherspoon,

194 So. 3d at 341.  However, Judge Warner wrote a lengthy dissent, arguing that

even though she was on the panel affirming the conviction of the codefendant,

Bell, she now believed that the opinion was in error because attempted felony

murder is a separate crime, in a separate statute, making earlier precedent

inapplicable.  Id. at 341-42 (Warner, J., dissenting).  Judge Warner explained:

> As attempted felony murder is now a separate crime under a separate statute and with different elements than felony murder, the rationale that the intent to commit the felony can substitute for the intent to commit premeditated murder under the murder statute has no application.  Since Bell v. State, 152 So. 3d 714, 717-18 (Fla. 4th DCA 2014), and Dempsey v. State, 72 So. 3d 258, 260-61 (Fla. 4th DCA 2011), relied on extending the rule emanating from Sloan[ v. State, 69 So. 971 (Fla. 1915),] and its progeny to the current attempted felony murder statute, I would recede from the reasoning in both cases.
>
> In this case, the information charged Weatherspoon only with attempted first degree premeditated murder.  It did not charge him with attempted felony murder under section 782.051.  In the counts relating to the attempted murder of the victims, the information did not allege any of the essential facts or elements necessary to charge the crime of attempted felony murder.  Specifically, the counts for attempted murder failed to allege either the commission of the underlying felony (robbery), or that Weatherspoon committed, aided, or abetted an intentional act that was not an essential element of the underlying felony.  Although the information did cite the attempt statute, section 777.04(1), and the felony murder statute, section 782.04(1)(a) 2., this would, at best, charge the nonexistent version of felony murder that was invalidated in Gray.  Neither of these citations were to the correct felony murder statute, section 782.051, which

establishes a new, separate crime with additional elements not found in either of these statutes and not alleged in the information. Given the information's failure to cite the correct statute, its failure [to] allege the required statutory elements, and its reference to a "premeditated design," appellant rightfully understood that the information only charged him with attempted premeditated murder.

Id. at 347.

## ANALYSIS

The issue before this Court is whether the State is entitled to a jury instruction and to argue to the jury the statutory crime of attempted felony murder, section 782.051, Florida Statutes (2016), when the State charges only attempted murder and does not charge or allege the elements of attempted felony murder in the charging document. Weatherspoon objected to the charge and asserts that he was prejudiced in his trial preparation and strategy as a result of the State's failure to specifically charge attempted felony murder in the information. The State concedes in its brief that it would have been "best" to charge Weatherspoon with the crime of attempted felony murder specifically, but contends that it was unnecessary to do so and that any error in this case was harmless because Weatherspoon was on notice that the State intended to proceed under the theory of attempted felony murder.

We begin with the constitutional and procedural basis for our analysis. We then explain the differences between the statutory crime of attempted felony murder and the statutory crime of attempted premeditated murder and why those

differences render any analogy to the felony murder context inapposite. Finally, we explain why the State cannot show that Weatherspoon was not prejudiced by the error.

Article I, section 16, of the Florida Constitution, provides: "In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges . . . ." This Court, citing centuries-old United States Supreme Court precedent, has stated that "to apprise the accused of the specific charges against him, an information or indictment must contain all facts essential to the 'offence intended to be punished.' " Insko v. State, 969 So. 2d 992, 995 (Fla. 2007) (quoting United States v. Carll, 105 U.S. 611, 612 (1881)). "Historically, the 'elements of a crime' are the facts 'legally essential to the punishment to be inflicted.' " Id. (quoting Harris v. United States, 536 U.S. 545, 561 (2002)).

In addition to the violation of a defendant's right to be fully informed of the charges against him under article I, section 16, of the Florida Constitution, a defendant's right to due process under article I, section 9, is denied when there is a conviction on a charge not made in the information or indictment:

> Due process of law requires the State to allege every essential element
> when charging a violation of law to provide the accused with
> sufficient notice of the allegations against him. Art. I, § 9, Fla.
> Const.; M.F. v. State, 583 So. 2d 1383, 1386-87 (Fla. 1991). There is
> a denial of due process when there is a conviction on a charge not
> made in the information or indictment. See [State v.] Gray, 435 So.

2d [816,] 818 [(Fla. 1983)]; see also Thornhill v. Alabama, 310 U.S. 88 (1940); De Jonge v. Oregon, 299 U.S. 353 (1937). For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged. See Rosin v. Anderson, 155 Fla. 673, 21 So. 2d 143, 144 (Fla. 1945). Generally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial. See Gray, 435 So. 2d at 818 (citing Lackos v. State, 339 So. 2d 217 (Fla. 1976)).

Price v. State, 995 So. 2d 401, 404 (Fla. 2008) (some parallel citations omitted).

"[A]n information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime." Figueroa v. State, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012).

In addition to the constitutional bases of both, article I, section 16, of the Florida Constitution pertaining specifically to the charging documents, and the general protection of due process of law under article I, section 9, of the Florida Constitution, the Florida Rules of Criminal Procedure address the issue specifically. Florida Rule of Criminal Procedure 3.140(d)(1) requires that an information allege all "essential facts" of each crime charged as well as the statutory citation for each crime, although failure to cite to the statute cannot be a ground for dismissal of the information or indictment or reversal of a conviction "if the error or omission did not mislead the defendant to the defendant's prejudice."

Our precedent does not make the failure to charge per se reversible. "Generally the test for granting relief based on a defect in the information is actual

- 10 -

prejudice to the fairness of the trial." Price, 995 So. 2d at 404. Due to Florida's liberal discovery rules, this Court has held that "an information is legally sufficient if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy." State v. Dilworth, 397 So. 2d 292, 294 (Fla. 1981).

In the 1915 case of Sloan v. State, 69 So. 871 (Fla. 1915), this Court first articulated what was constitutionally required to be charged in an indictment in the first-degree and felony murder context. In that case a defendant charged only with first-degree premeditated murder challenged his indictment, which did not allege the underlying felony of the robbery of the victim. Id. at 871. This Court, after reviewing the law of other states, agreed with the majority of states that a charge of premeditated murder in the indictment is sufficient for the State to proceed under either the theory of first-degree premeditated murder or felony murder. Id. at 872. In so holding, this Court cited the opinion of the Supreme Court of Missouri in State v. Meyers, 12 S.W. 516 (Mo. 1889), which reasoned:

> An indictment in the usual form, charging murder to have been done deliberately and premeditatedly, is sufficient under the statute to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of a felony or otherwise. The perpetration or attempt to perpetrate any of the felonies mentioned in the statute, * * * during which perpetration or attempt a homicide is committed, stands in lieu of and is the legal equivalent of that premeditation and deliberation which otherwise are the necessary attributes of murder in the first degree. In such case it is only necessary to make the charge in the ordinary way for murder in the

- 11 -

first degree, and show the facts in evidence, and, if they establish that the homicide was committed in the perpetration or attempt to perpetrate any of the felonies mentioned in the statute, this will be sufficient.

Sloan, 69 So. at 872 (quoting Meyers, 12 S.W. at 517).

This Court has since continued to adhere to the principle of Sloan in subsequent cases. See O'Callaghan v. State, 429 So. 2d 691, 695 (Fla. 1983); Killen v. State, 92 So. 2d 825, 827-28 (Fla. 1957). In O'Callaghan, this Court held that an indictment charging O'Callaghan only with premeditated murder was legally sufficient to support his conviction for felony murder because O'Callaghan had full knowledge of both the charges and the evidence that the State would submit at trial. 429 So. 2d at 695. In so holding, this Court stated: "We have previously expressly stated that 'the state does not have to charge felony murder in the indictment but may prosecute the charge of first-degree murder under a theory of felony murder when the indictment charges premeditated murder.' " Id. (quoting State v. Pinder, 375 So. 2d 836, 839 (Fla. 1979)).

This Court explained in Killen that a charge of first-degree premeditated murder necessarily includes the theory of felony murder because "the perpetration, or attempt to perpetrate, any of said felonies, during which a homicide is committed, stands in lieu of and is the legal equivalent of premeditation, and . . . in such cases it is only necessary to charge that the homicide was committed with a premeditated design and then show the facts in evidence." 92 So. 2d at 828.

- 12 -

The logic of <u>Killen</u>, <u>O'Callaghan</u>, and <u>Sloan</u> arguably applied to the crimes

of attempted premeditated murder and attempted felony murder until this Court's

1995 decision in <u>State v. Gray</u>, 654 So. 2d 552 (Fla. 1995), which held that the

crime of attempted felony murder did not exist. In that case, the Court adopted the

dissent of Justice Overton in <u>Amlotte v. State</u>, 456 So. 2d 448, 450-51 (Fla. 1984)

(Overton, J., dissenting), where he concluded that:

> In my view, the crime of felony murder is based upon a legal
> fiction which implies malice aforethought from the actor's intent to
> commit the underlying felony. Thus, whenever a person is killed
> during the commission of a felony, the felon is said to have had the
> intent to bring about the death even if the killing was unintended.
> This doctrine has been extended to impute intent for deaths caused by
> the acts of co-felons, <u>see, e.g.</u>, <u>Mills v. State</u>, 407 So. 2d 218 (Fla. 3d
> DCA 1981), and police, <u>see, e.g.</u>, <u>State v. Wright</u>, 379 So. 2d 96 (Fla.
> 1979), during the perpetration of certain felonies. Further extension
> of the felony murder doctrine so as to make intent irrelevant for
> purposes of the attempt crime is illogical and without basis in law.

After <u>Gray</u>, the Legislature created a statutory crime of attempted felony

murder. This Court described the Legislature's enactment of the crime of

attempted felony murder post-<u>Gray:</u>

> "The Legislature in 1996, in response to our decision in <u>Gray</u>, enacted
> section 782.051, which created the offense of 'Felony causing bodily
> injury.' <u>See</u> ch. 96-359, § 1, at 2052, Laws of Fla." <u>Coicou v. State</u>,
> 39 So. 3d 237, 240 (Fla. 2010).
> In 1998, however, the Legislature substantially rewrote section
> 782.051 and retitled it "Attempted felony murder." <u>See</u> ch. 98-204,
> § 12, at 1970, Laws of Fla. In this amendment, in order to avoid the
> problems set forth in <u>Gray</u>, the Legislature added an additional
> element to the crime—that the defendant commit an "intentional act

that is not an essential element of the felony and that could, but does not, cause the death of another." Id.

Milton v. State, 161 So. 3d 1245, 1248 (Fla. 2014). Currently, section 782.051(1), Florida Statutes (2016), states:

> Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree . . . .

The State argues that the Killen, O'Callaghan, and Sloan line of cases should be extended to the crimes of attempted first-degree premeditated murder and attempted felony murder, regardless of this Court's opinion in Gray and the subsequent enactment of section 782.051. This was also the approach taken by the Fourth District in Bell, relying on its previous holding in Dempsey. In Dempsey, the Fourth District applied this Court's holding in O'Callaghan to the crime of attempted felony murder without any discussion or reasoning as to why that holding applied in light of the Legislature's creation of the completely new and separate crime of attempted felony murder in section 782.051, Florida Statutes. See 72 So. 3d at 260-61. Bell simply cited to Dempsey without any further comment. See 152 So. 3d at 717.

The Fifth District has also taken this position in Florence v. State, 128 So. 3d 198 (Fla. 5th DCA 2013). In that case the defendant argued that the trial court committed fundamental error and violated his state and federal constitutional rights

- 14 -

to due process by instructing the jury on the uncharged offense of attempted felony murder. <u>Florence</u>, 128 So. 3d at 198. The Fifth District affirmed the conviction citing to the Fourth District's opinion in <u>Dempsey</u> with no other discussion. <u>See id.</u> at 199.

We conclude, as expressed in Judge Warner's dissent in <u>Weatherspoon</u>, that the Fourth District's holdings in <u>Bell</u> and <u>Dempsey</u> and the Fifth District's holding in <u>Florence</u> are a misapplication of this Court's precedent in <u>Sloan</u>, <u>Killen</u>, and <u>O'Callaghan</u>. While the reasoning of those cases may have applied to the crime of attempted felony murder prior to <u>Gray</u>, the enactment of the entirely new crime of attempted felony murder in a completely separate statute with different essential elements and a more severe punishment now makes those cases inapplicable.

The basis of this Court's reasoning in the <u>Sloan</u> line of cases was that the crimes of first-degree premeditated murder and felony murder were in the same statute and simply different theories the State might assert in its attempt to prove first-degree premeditated murder. In other words, the crime of felony murder is included in the current first-degree murder statute. <u>See</u> § 782.04(1)(a) 2., Fla. Stat. (2016). Because the State can prove premeditation by either showing direct premeditation or imputed premeditation through the underlying felony, charging premeditated murder and citing that statute is enough to put a defendant on notice that the State might pursue the theory of felony murder.

The analogy to premeditated murder and felony murder no longer exists in the attempted premeditated murder and attempted felony murder context. The crime of attempted premeditated murder is codified in section 782.04 (Murder), and section 777.04 (Attempts, solicitation, and conspiracy), while the crime of attempted felony murder is now codified in section 782.051 (Attempted felony murder).

Unlike attempted premeditated murder, the crime of attempted felony murder now contains an essential element not present in the crime of attempted premeditated murder: the commission of an intentional act that is not an essential element of the felony. § 782.051(1)-(2), Fla. Stat. (2016). Accordingly, neither citing the statutes for the crime of attempted premeditated murder, nor describing the essential elements of that crime would be sufficient to put a defendant on notice of all of the essential elements of the crime of attempted felony murder as codified in section 782.051.

Finally, the crimes of attempted felony murder and attempted premeditated murder no longer have the same punishment. Because premeditated murder is a capital offense, the attempt to commit the capital offense is a first-degree felony, which is punishable by no more than thirty years' imprisonment. §§ 777.04(4)(b), 775.082(3)(b), 782.04(1)(a), Fla. Stat. (2016). However, attempted felony murder is a first-degree felony which carries the potential sentence of life imprisonment.

§ 782.051(1), Fla. Stat. (2016).  As such, attempted felony murder has a greater punishment than attempted premeditated murder, causing it to be, if included in the crime of attempted premeditated murder as the State argues, not a lesser, but a greater included offense.  See Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006) (explaining that lesser included offenses fall into two categories, necessary and permissive: necessarily included lesser offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense, while a permissive lesser included offense exists when the two offenses appear to be separate but the facts alleged in the pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been); see also State v. Baker, 456 So. 2d 419, 422 (Fla. 1984) (" 'Lesser included offense' in regard to jury alternatives . . . implements the nonconstitutional right of an accused to a instruction which gives the jury an opportunity to convict of an offense with less severe punishment than the crime charged.").

Accordingly, because the statutory crime of attempted felony murder contains different elements than the crime of attempted premeditated murder, the crimes are contained in different statutory sections, and are subject to different punishments, the reasoning of our case law regarding premeditated murder and felony murder is inapposite, as Judge Warner explained in her dissent:

> Specifically, the counts for attempted murder failed to allege either
> the commission of the underlying felony (robbery), or that

- 17 -

> Weatherspoon committed, aided, or abetted an intentional act that was not an essential element of the underlying felony. Although the information did cite the attempt statute, section 777.04(1), and the felony murder statute, section 782.04(1)(a) 2., this would, at best, charge the nonexistent version of felony murder that was invalidated in Gray. Neither of these citations were to the correct felony murder statute, section 782.051, which establishes a new, separate crime with additional elements not found in either of these statutes and not alleged in the information.

Weatherspoon, 194 So. 3d at 347 (Warner, J., dissenting). Thus, it is error for the State to proceed under the alternative theory of attempted felony murder after charging a defendant with only attempted premeditated murder in the information, and it violates the defendant's right to be fully informed of the charges against him.

## This Case

In this case, the State charged Weatherspoon only with attempted first-degree premeditated murder. The charging document did not include attempted felony murder under section 782.051. In the counts relating to the attempted murder of the victims, the information did not allege any of the essential facts or elements necessary to charge the crime of attempted felony murder. Specifically, the information failed to allege either the commission of the underlying felony (robbery), or that Weatherspoon committed, aided, or abetted an intentional act that was not an essential element of the underlying felony. Rather, the information erroneously and confusingly cited to the attempt statute (section 777.04, Florida Statutes), and the premeditated murder statute, (section 782.04), which is a charge

of the nonexistent crime of attempted felony murder that was invalidated by this Court in Gray. The information in this case was therefore defective because it neither cited to the correct statute nor alleged the essential elements of the crime of attempted felony murder.

That is not the end of our inquiry. We must now determine whether Weatherspoon is entitled to relief in light of the State's error based on whether there was prejudice to Weatherspoon. We conclude that the defendant was in fact prejudiced.

The State argues that there was no prejudice because Weatherspoon was put on notice of its intent to proceed under the attempted felony murder theory based on what was disclosed in discovery, the undisputed facts of the case, the wording of the statutory citations in the information, case law from the Fourth District at the time of the trial, the questions asked by prosecutors during voir dire, and the established case law from this Court.

To the contrary, Weatherspoon argues that there was actual prejudice to his trial preparation and strategy. Weatherspoon contends that his attorneys made a tactical decision to admit to the underlying felony—in this instance, robbery— because they believed the State, proceeding under an attempted first-degree murder theory, would have to prove that Weatherspoon knew that his codefendant intended to shoot the victims once inside the Dunkin' Donuts. Even if

Weatherspoon first became aware of the State's intention to proceed under the attempted felony murder theory during voir dire, this would have still prejudiced defense counsel's trial preparation, the bulk of which took place long before a jury was selected.

Adding to the prejudice in this case, over Weatherspoon's objection, the jury was given only a general verdict form with the single charge of attempted premeditated murder. "It is well established that a general jury verdict cannot stand where one of the theories of prosecution is legally inadequate." Fitzpatrick v. State, 859 So. 2d 486, 490 (Fla. 2003). Additionally, during deliberations the jury asked for "[c]larification on Attempted 1st deg. murder and Attempted 1st deg. felony murder. Attempted 1st deg. felony murder is not on the verdict form," to which the prosecutor commented, "[I]t sounds like they were probably thinking we had to delineate which one[,]" making it impossible to determine upon which theory the jury actually relied.

We conclude that the cases relied on by the State are inapposite. First, as to White v. State, 973 So. 2d 638 (Fla. 4th DCA 2008): As Judge Warner describes in her dissent, that case is distinguishable because even though the information in White did not cite to the attempted felony murder statute, all of the essential elements of the crime were alleged. Weatherspoon, 194 So. 3d at 347-48 (Warner,

- 20 -

J., dissenting).  Additionally, White never raised an objection to the charging document or the jury instructions at trial.  Id. at 348.  As Judge Warner explains:

> In contrast, as noted above, the information in this case did not allege or reference the robbery at all in the attempted premeditated murder counts, unlike the charge in White.  And unlike White, Weatherspoon raised the failure to charge attempted felony murder in the trial court, rather than relying on an assertion of unpreserved fundamental error. Further, and unlike White, the prosecution did try this case under a theory of attempted felony murder, in addition to a premeditation theory.

Id.

The State also relies on the case of Morales v. State, 785 So. 2d 612 (Fla. 3d DCA 2001).  In that case, the Third District found no fundamental error and that the defendant was not prejudiced where the information cited to a repealed and subsequently replaced statute.  Id. at 614.  The court held that the language in the information placed the defendant on proper notice of the crime with which he was being charged.  Id.  Morales is distinguishable from the instant case.  First, and importantly, the error in Morales was not preserved as it was in this case.  Id.  In Morales, the attorney failed to object at the trial level, and therefore Morales had to show fundamental error on appeal.  Id.  Next, as opposed to this case, although the information in Morales cited the repealed version of the statute, it still described all of the essential elements of the crime and tracked the correct statute's language.  Id.  In this case, by contrast, the information neither cited the correct statute nor described the essential elements of the correct statute.

Weatherspoon properly preserved the error and as explained, the State cannot establish that the failure to charge attempted felony murder in the information did not prejudice Weatherspoon. He is thus entitled to relief.

**CONCLUSION**

Because the statutory crime of attempted felony murder is a crime separate from attempted murder with different elements and a different punishment, the State must charge the crime of attempted felony murder in order to be entitled to a jury instruction on that crime and to proceed under that theory. The failure to properly charge the defendant with the crimes that the State is pursuing is both a violation of article I, section 16, of the Florida Constitution and, as applied to this case, a violation of the defendant's right to notice of the charges against him so as to provide the defendant with due process of law under article I, section 9, of the Florida Constitution. Accordingly, we answer the certified question in the affirmative, quash the Fourth District's decision in Weatherspoon, and disapprove of the decisions in Dempsey and Florence to the extent they are inconsistent with this opinion. We therefore remand this case to the Fourth District for further proceedings consistent with this opinion.[3]

---

3. During oral argument and in response to questioning about the difference in punishments between the two crimes, the State explained why in this case the punishments would be the same. That argument was not made in the briefs and does not affect our analysis of the underlying issues that require a new trial.

It is so ordered.

LABARGA, C.J., and QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

      Fourth District - Case No. 4D12-2775

      (Palm Beach County)

Ira D. Karmelin, West Palm Beach, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Celia A. Terenzio, Bureau Chief, and Don M. Rogers, Assistant Attorney General, West Palm Beach, Florida,

      for Respondent