# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2484
Lower Tribunal No. 77-33454A
_____


**James Eric Knight,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141 (b)(2) from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

James Eric Knight appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. As the motion alleged, Knight was sentenced in Count II for an uncharged offense. This was fundamental error. As such, the denial of the motion is reversed and remanded.

Knight was charged in Count II of the information with robbery based on the taking of property "by force, violence, assault or putting in fear . . . in violation of 812.13 Florida Statutes . . . ." These are the elements of a simple robbery, a second-degree felony under section 812.13(2)(c), Florida Statutes (1977), for which the maximum sentence is 15 years under section 775.082(3)(c), Florida Statutes (1977).

An armed robbery is committed, under section 812.13(2)(a), Florida Statutes (1977): "If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment . . . ." In this case, the recitation in Count II omits both the statutory subsection and the element of armed robbery – possession of a firearm by the defendant. As a result of the omissions, Count II did not allege the crime for which Knight was sentenced.

Notwithstanding the shortcomings in the Count II allegations, Knight was sentenced to life in prison for the robbery.

Knight filed a Rule 3.800(a) motion to correct the illegal sentence on Count II. He argued that because Count II did not charge the essential elements of the crime of armed robbery, he could only be sentenced to the 15 year maximum for the charged crime, simple robbery, as a second degree felony. The trial court denied Knight's motion. This appeal followed.

"[A]n information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime." Weatherspoon v. State, 214 So. 3d 578, 584 (Fla. 2017) (quoting Figueroa v. State, 84 So. 3d 1158 (Fla. 4th DCA 2012)); State v. Gray, 435 So. 2d 816, 818 (Fla. 1983). Weatherspoon explained the origins of the rule:

> In addition to the violation of a defendant's right to be fully informed of the charges against him under article I, section 16, of the Florida Constitution, a defendant's right to due process under article I, section 9, is denied when there is a conviction on a charge not made in the information or indictment:
>
> > Due process of law requires the State to allege every essential element when charging a violation of law to provide the accused with sufficient notice of the allegations against him. . . . For an information to sufficiently charge a crime it must follow the statute, clearly charge each of the essential elements, and sufficiently advise the accused of the specific crime with which he is charged.

214 So. 3d at 583-84 (citations omitted). Count II does not do this. It does not support the life sentence imposed.

Knight's case is indistinguishable from Figueroa. There, the court elaborated as follows: "[A]n information is fundamentally defective where it fails to cite a specific section and totally omits an essential element of the crime. And '[n]either a jury finding nor inclusion of the appropriate statute number in the information can cure' the State's failure to charge essential elements of the crime." Figueroa, 84 So. 3d at 1161. Under this holding, Knight was entitled to relief.

This is not a case where there is a mere technical defect in the charge – Count II wholly fails to allege the statute violated and the essential elements of the crime. Connolly v. State, 172 So. 3d 893, 903-04 (Fla. 3d DCA 2014). Compare Mesa v. State, 632 So. 2d 1094, 1097 (Fla. 3d DCA 1994) (finding no error in conviction where the information "references a specific section of the criminal code which sufficiently details all the elements of the offense."). The defect here may be raised at any time and does not require a showing that the defendant was misled in the preparation of his defense. 172 So. 3d at 904.

Because the sentence for Count II constitutes fundamental error, we reverse the denial of the Knight's motion, and remand for the trial court to resentence him for Count II for simple robbery. Knight is entitled to be present at the resentencing.

Reversed and remanded.