PER CURIAM.
*97 Affirmed. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings , it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." (emphasis added)); Connolly v. State, 172 So.3d 893 (Fla. 3d DCA 2015) (finding no fundamental error where the imperfection of the information did not mislead the defendant as he still had notice of the appropriate statute alleged to be violated); Mesa v. State, 632 So.2d 1094 (Fla. 3d DCA 1994) (finding no error despite failure to allege an essential element of the crime charge where "the charging document references the specific section of the criminal code which the defendant is charged with violating"); cf. Knight v. State, 253 So.3d 22 (Fla. 3d DCA 2017) (finding error where the charging instrument failed to allege statute violated and essential elements of the crime).