DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOUIS DAVID JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3528

[July 3, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2008-CF-009942-BXXX-MB.

Louis David Johnson, Miami, pro se.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Louis Johnson appeals the summary denial of his untimely motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850(b)(2). Appellant argues that his attempted first-degree murder conviction should be vacated pursuant to *Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017). We affirm. However, we certify a question of great public importance.

In 2008, the State charged Appellant, along with a co-defendant, with attempted first-degree murder and robbery with a firearm. At trial, the State argued theories of both attempted first-degree murder and attempted first-degree felony murder to support a conviction for attempted first-degree murder. The court also provided a jury instruction for attempted first-degree felony murder. The jury convicted Appellant as charged on both counts. Appellant is currently serving a life sentence for his convictions.

In the underlying proceedings, Appellant filed a successive and untimely motion for post-conviction relief. Appellant contended that his

motion was timely under Florida Rule of Criminal Procedure 3.850(b)(2)[1] due to a recent change in law pursuant to *Weatherspoon.* In *Weatherspoon,* the Florida Supreme Court held that the State must charge the crime of attempted felony murder to be entitled to a jury instruction on that crime and to proceed under that theory. 214 So. 3d at 589. The court concluded that a defendant is denied due process when there is a "conviction on a charge not made in the information or indictment." *Id.* at 583. However, the court noted that "[o]ur precedent does not make the failure to charge per se reversible," and "'[g]enerally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial.'" *Id.* at 584 (quoting *Price v. State,* 995 So. 2d 401, 404 (Fla. 2008)).

Appellant argued in his post-conviction motion that, based on *Weatherspoon,* he was entitled to a new trial because the State used an attempted felony murder theory at trial without charging attempted felony murder in the information. The trial court denied Appellant's motion and adopted the State's response that Appellant's motion was untimely and the Florida Supreme Court has not held that *Weatherspoon* applies retroactively. This appeal follows.

Because the Florida Supreme Court has not held that *Weatherspoon* applies retroactively, we conclude that the trial court did not err by denying Appellant's motion as untimely. However, we note that although *Weatherspoon* stated that the failure to charge is not "per se reversible," the Florida Supreme Court concluded:

> The failure to properly charge the defendant with the crimes that the State is pursuing is both **a violation of article I, section 16, of the Florida Constitution and, as applied to this case, a violation of defendant's right to notice of the**

---

[1] Specifically, Rule 3.850(b)(2) provides:

> No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that:
>
> . . .
>
> (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity . . . .

**charges against him so as to provide the defendant with due process of law under article I, section 9, of the Florida Constitution**.

*Id.* at 580 (emphasis added).

We therefore certify the following question of great public importance:

DOES THE CHANGE IN DECISIONAL LAW ANNOUNCED IN *WEATHERSPOON V. STATE,* 214 SO. 3D 578 (FLA. 2017), APPLY RETROACTIVELY TO CONVICTIONS THAT WERE FINAL AT THE TIME THAT DECISION WAS RENDERED?

*Affirmed.*

GROSS, DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***