# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3567
Lower Tribunal No. 2017-CF-005457-C-O

_____

NAKYE JAQUON WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Daniel P. Dawson, Judge.

August 15, 2025

PER CURIAM.

Nakye Jaquon Williams ("Williams") challenges his conviction for premeditated murder. He argues on appeal that reversal is required for three reasons. Having reviewed each of the arguments raised, we affirm.

As to the jury instruction, we conclude that the trial court's alleged error in reading the instruction did not "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error," *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019), as is required for

establishing fundamental error. The written instructions provided to the jury accurately defined the term "principal" and other verbal instructions provided by the court also made clear that the jury was required to find intent for a specific crime, and not a crime generally.

Second, any error in the admission of a physical copy of text messages into evidence is either unpreserved, harmless, or waived. *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) ("'[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.'" (quoting *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982))); *Sullivan v. State*, 303 So. 2d 632, 635 (Fla. 1974) ("It is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal."); *Williams v. State*, 947 So. 2d 517, 521 (Fla. 3d DCA 2006) (admission of evidence may be harmless where it is cumulative of other admitted evidence); *Kinzie v. State*, 696 So. 2d 530, 530 (Fla. 4th DCA 1997) (an objection is waived when it is not pursued).

Finally, there was no error in the trial court instructing the jury on felony murder. "[I]t is well settled that if an indictment charges premeditated murder, the State need not charge felony murder or the particular underlying felony to receive a felony murder instruction." *Crain v. State*, 894 So. 2d 59, 69 (Fla. 2004); *see also*

2

*Weatherspoon v. State*, 214 So. 3d 578, 585 (Fla. 2017) ("[P]remeditated murder necessarily includes the theory of felony murder because 'the perpetration, or attempt to perpetrate, any of said felonies, during which a homicide is committed, stands in lieu of and is the legal equivalent of premeditation . . . ." (quoting *Killen v. State*, 92 So. 2d 825, 928 (Fla. 1957))).[1]

AFFIRMED.

NARDELLA, SMITH and BROWNLEE, JJ., concur.


Blair Allen, Public Defender, and Daniel Wehking, Special Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Richard A. Pallas, Jr., Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[1] Although Williams suggests that this practice might be unconstitutional, he did not argue this in the initial brief nor fully argue it in the reply brief and, therefore, has not demonstrated fundamental error.